**STATE of Maine**
**v.**
**Martha CROCKER.**

Supreme Judicial Court of Maine.

Argued May 2, 1980.

Decided July 13, 1981.

Charles K. Leadbetter, William R. Stokes, Paula Van Meter (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Twitchell, Gray, Linscott & Badger, Frederick J. Badger, Jr. (orally), Steven G. Shadallah, Bangor, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN * and ROBERTS, JJ.

NICHOLS, Justice.

The appeal before us turns upon the sufficiency of the presiding justice's instruction on causation.

On October 12, 1979, a Superior Court jury in Penobscot County, found the Defendant, Martha Crocker, guilty of manslaughter 17–A M.R.S.A. § 203. Her appeal from the judgment entered on that verdict raises several issues, including a claim of error in the instructions to the jury on the law of causation.

We sustain her appeal.

The victim of this homicide was Timothy Crocker, a five-year-old boy who was severely abused and who finally died on December 5, 1978. The Defendant is the mother of Timothy and of Crystal, a girl seven years old at the time of her brother's death. The Defendant, Timothy, and Crystal lived in Bangor with Vinal Crocker, the Defendant's second husband and the adoptive father of the two children. The Defendant testified that after she married him, he became increasingly violent with the children and eventually with her.

* Glassman, J., sat at oral argument and participated in the initial conference but died before the opinion was adopted.

Crocker would punish the children, she said, with beatings, cold baths, scaldings, withholding food, forcing the children to stand for long periods with arms outstretched, and locking the children in their rooms. In June, 1978, Timothy's leg was broken. The fracture was consistent with a twisting force and not consistent with the parents' explanation that he had fallen from his bicycle. Crystal Crocker testified that her mother, the Defendant, would inflict some of these violent punishments. The Defendant explained that fear of her husband caused her to punish the children and prevented her from either interfering with her husband's abuses or from getting help.

The Defendant testified that in November, 1978, she returned to the family's Bangor home to find Timothy unconscious on the floor. She stated that her husband told her Timothy had fallen down. Crystal Crocker testified that Vinal Crocker had swung her brother around by his feet and hit Timothy's head against the wall, and that her mother, the Defendant, was in the house at the time. Timothy remained at home and in a coma for three days before the Defendant left the house to get help. Upon admission to the hospital, Timothy was emaciated and dehydrated. He was observed to have bruises, wounds and burns all over his body. His brain was swollen and bruised. Timothy never regained consciousness and died nine days later.

Two physicians who treated Timothy testified that the head injury was the sole cause of death. A third physician, who performed the autopsy, listed the head injury as the cause of death on his report. The death certificate was later supplemented without that physician's knowledge to include malnutrition as another cause. At trial that physician testified that the head injury and malnutrition were each sufficient in themselves to cause death, and that neither condition could be isolated as the single cause of death.

At trial the Defendant's counsel requested this jury instruction on causation, basing his request on 17–A M.R.S.A. § 56:

Unless otherwise provided, when causing a result is an element of a crime, causation may be found where the result would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant was clearly insufficient.

The presiding justice declined to give the requested instruction for fear, he said, of confusing the jury.

Instead he instructed the jury as follows:

Also, even if you find that the Defendant acted recklessly or with criminal negligence, she is not guilty of the crime charged unless you further find that the recklessness and/or criminal negligence was a cause of death. Because even if you are satisfied that death occurred, if you find it resulted from causes not associated with her behavior, regardless of whether or not she was reckless and/or criminally negligent, she is not guilty.

Now, if you are convinced from the evidence that the Defendant committed certain acts of abuse or excessive discipline that amounted to abuse and that such behavior was committed in a reckless or in a criminally negligent manner, as we have described the law to you, and if such behavior results in the death of her son and if you are satisfied of this fact beyond a reasonable doubt, then she is guilty of manslaughter by commission. If you are convinced that the Defendant did not commit any acts which resulted in her son's death, did she fail to provide the necessities of life in accordance with her duties as a parent? Did she voluntarily fail to provide the necessary food and nourishment? Did she, knowing that her son was being abused or excessively disciplined by some third party, voluntarily fail to protect him from such abuse in accordance with her duty as a parent? And was that failure to provide food or nourishment or protection, did that raise

a substantial risk that such continued behavior would cause his death? If she did, and you are convinced of the same beyond a reasonable doubt, and further that that act or failure to act caused the death of her child, she is guilty of manslaughter by omission.

Now, it is not necessary that you find that there is but one cause of death. One or more factors happening together may cause death. One or more persons acting together may cause death. But you must be convinced, if you are to find the Defendant guilty of manslaughter, that there was a causal relationship between the actions of the Defendant or her failure to act in accordance with her duty and the death of her child.

Thereupon, the Defendant requested supplemental instructions to include the definition of causation as set forth in 17–A M.R.S.A. § 56. The presiding justice declined, again expressing his fear that further instruction on this point would confuse the the jury. He did, however, give the jury this supplemental instruction:

> In brief summary, then, again, you must be satisfied. If you are satisfied at all, that Martha Crocker did either recklessly or with criminal negligence cause the death of Timothy Crocker. So you must be satisfied on the identity of the Defendant. You must be satisfied that she either recklessly or with criminal negligence caused the death and that the death resulted as a result of her action or inaction, and you must be satisfied of each element beyond a reasonable doubt.

■ These instructions were inadequate[1] to convey to the jury the duty incumbent on them under 17–A M.R.S.A. § 56.[2]

■ In every case where causing a result is an element of the crime the State must prove beyond a reasonable doubt that the result would not have occurred *but for* the defendant's conduct. The State may prove either that the defendant's conduct, operating *alone*, produced the result or that the defendant's conduct, operating in conjunction with a concurrent causative condition, produced the result. In the latter circumstance, the State must prove beyond a reasonable doubt either (a) that the concurrent alone cause *was not* clearly sufficient to produce the result, or (b) that the conduct of the defendant alone *was not* clearly insufficient to produce the result. *Id.*

■ Whether § 56 is read to the jury or not, it is imperative that the substance of the State's burden be communicated to them.

Upon the evidence in this case, a rational jury could conclude that his mother's acts were not a "cause" of Timothy's death as causation is defined in § 56; therefore, the omission of such an instruction by the presiding justice was indeed prejudicial error.

The entry must be:

Appeal sustained.

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. We suggest that the clarity of the instruction may be enhanced if a presiding justice does not instruct on "causation" in language which repeatedly uses the word "cause."

2. 17–A M.R.S.A. § 56 is a provision of the Maine Criminal Code which had no counterpart in earlier criminal case law or in earlier statutes; this section ordains:

> Unless otherwise provided, when causing a result is an element of a crime, causation may be found where the result would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant was clearly insufficient.