### STATE of Maine

### v.

### Richard PEASLEE, Jr.

Supreme Judicial Court of Maine.

Argued Sept. 19, 1989.
Decided March 15, 1990.

William R. Anderson, Dist. Atty., David M. Spencer (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

William C. Leonard (orally), Bath, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Richard Peaslee, Jr. appeals his conviction of vehicular manslaughter[1] after a jury trial in Superior Court (Lincoln County, *Brodrick, J.*). Because we reject Peaslee's contentions that the court erred in instructing the jury and that the evidence was insufficient, we affirm the judgment.

On the evening of February 14, 1987, Gary Dawson was a passenger in Peaslee's car operating on the Coopers Mills—Summerville Road in Summerville. As a result of Peaslee's deliberate fishtailing on the snow-packed, icy road, the car went out of control and overturned, throwing Dawson onto the road. Because of the seriousness of his injuries, Dawson was unable to move himself and was not moved by others. A second car ran over Dawson several minutes later after Dawson's brother, Gordon, tried unsuccessfully to stop the car. Dawson died at the scene.

 Apparently because Gary Dawson was injured in two separate motor vehicle accidents, the court defined causation on the basis of 17–A M.R.S.A. § 33 (1983), which provides:

> Unless otherwise provided, when causing a result is an element of a crime, causation may be found where the result would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant was clearly insufficient.

Peaslee argues that the statute and the court's instruction impermissibly shifted the burden of proof on the cause of death. He further argues that the instruction er-

---

1. 17–A M.R.S.A. § 203(1)(A) (1983 & Supp.1988) provides as follows:

    1. A person is guilty of manslaughter if he:

    A. Recklessly, or with criminal negligence, causes the death of another human being;
    . . . .

roneously precluded the jury from considering the intervening conduct of Dawson's brother. Because Peaslee did not object at trial, we review the instruction for obvious error affecting substantial rights pursuant to M.R.Crim.P. 52(b). *See State v. Young,* 560 A.2d 1095, 1096 (Me.1989).

In these circumstances, section 33 was inapplicable because the separate accidents were not independent of each other. Peaslee was criminally responsible for the second impact as well as the first. On the record before us he could properly be convicted even if the second impact were the sole cause of Dawson's death. *State v. Snow,* 464 A.2d 958 (Me.1983) and *State v. Crocker,* 431 A.2d 1323 (Me.1981), are distinguishable on the ground that in each of these cases the two causes were independent of each other. In *Snow* the two causes were recklessly inflicted injury and pre-existing physical condition. In *Crocker* they were physical beatings and malnutrition. In the case at bar, the causes were not independent because Dawson would not have been lying immobile on the road in the path of the other car were it not for Peaslee's conduct. We likewise reject Peaslee's contention that the conduct of Dawson's brother could constitute a concurrent or intervening cause. We conclude therefore that whether Dawson was killed by the first or second impact makes no difference. The jury instruction did not deprive Peaslee of a fair trial.

Peaslee also argues that the evidence was insufficient to support the conviction of manslaughter. We review the evidence in a light most favorable to the State to determine whether a jury rationally could find every element of manslaughter beyond a reasonable doubt. *State v. Barry,* 495 A.2d 825, 826 (Me.1985); *Snow,* 464 A.2d at 961.

There was evidence in this case that Peaslee had smoked marijuana, that he was operating his vehicle too fast for the road conditions, and that he was deliberately fishtailing his vehicle on an icy, snow-packed country road, resulting in a loss of control and the vehicle flipping over. Gary Dawson was thrown from the vehicle onto the road, and, unable to move, was hit and run over by another vehicle several minutes later. We reject Peaslee's contention, citing Model Penal Code § 2.03, that the second accident was "too remote or accidental in its occurrence to have a [just] bearing on [Peaslee's] liability." The jury rationally could conclude that Peaslee's operation of the vehicle was reckless or criminally negligent and that his reckless or criminally negligent conduct caused the death of Gary Dawson. *Snow,* 464 A.2d at 961–63.

Other contentions of Peaslee are without merit and require no further discussion.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and WATHEN, GLASSMAN and COLLINS, JJ., concurring.

CLIFFORD, Justice, with whom HORNBY, Justice, joins, concurring.

I agree that the conviction should stand, but disagree with the court that we can say *as a matter of law* that there was no concurrent causation and that the concurrent causation instruction should not have been given. After being thrown from Peaslee's vehicle, Gary Dawson lay in the road for fifteen minutes with no attempt being made during that time to move him from the traveled portion of the road. Moreover, the second vehicle was warned of Dawson's presence in the ice-covered road only at the last second by Dawson's brother stepping into the road and waving his arms. The second vehicle struck Dawson's brother, skidded out of control and ran over Dawson. Under these circumstances, I cannot agree that the two separate impacts from two separate vehicles occurring fifteen minutes apart were not independent of each other *as a matter of law.*

Causation is an element of vehicular manslaughter. In my judgment, the trial court properly looked to 17–A M.R.S.A. § 33 as the source of its instruction to the jury. Section 33 requires the State to prove beyond a reasonable doubt that the

828

result would not have occurred but for the defendant's conduct, and that the defendant's conduct, operating *alone* or in conjunction with another cause, produced the result. We said in *State v. Crocker*, 431 A.2d 1323 (Me.1981), that when there is evidence of a concurrent causative condition, in order for the defendant to be found guilty, in addition to proving that the defendant's conduct produced the results, the State must prove beyond a reasonable doubt *either* (a.) that the concurrent cause alone "was *not* clearly sufficient to produce the result, *or* (b.) that the conduct of the defendant alone was *not* clearly insufficient to produce the result." *Id.* at 1325 (emphasis in original). The instruction given here required the State to prove beyond a reasonable doubt *both* that the second accident was not clearly sufficient to produce the death *and* that Peaslee's vehicle rollover was not clearly insufficient. Contrary to Peaslee's contentions that it shifted the burden to him on the issue of causation, the instruction was *at least* as favorable to Peaslee as that to which he was entitled. *Id.; see also State v. Snow*, 464 A.2d 958, 962 (Me.1983).