STATE OF MAINE *vs*. CHARLES MARTEL.

Androscoggin.     Opinion September 10, 1907.

*Criminal Law.   Trial.   Exceptions.   Misconduct of Counsel.   Evidence.   Intoxicating Liquors.   R. S., chapter 29, section 49.*

The right of exception under the practice in this State is conferred by statute, and is based upon some opinion, direction or judgment on the part of the court which is erroneous, and adverse and prejudicial to the party excepting.

Counsel may employ wit, satire, invective and imaginative illustration in his arguments before the jury, both in civil and criminal trials, but in this the license is strictly confined to the domain of facts in evidence.

A violation of the rule that counsel in his argument is strictly confined to the domain of facts in evidence, may be ground for a new trial on motion of the party whose rights are prejudiced, or exceptions may lie to the action of the court in omitting or declining to interfere with the misconduct of counsel when objections are interposed.

But when counsel violates the rule that his argument must be strictly confined to the domain of facts in evidence, and objections are interposed, and the court does interfere and does what is proper to prevent any unjust influence being left on the minds of the jury from anything said by counsel not warranted by the evidence, then a new trial on the ground of misconduct of counsel must be sought by motion and not by exceptions.

In the case at bar and under the facts as shown by the case, *Held:* That exceptions to the alleged misconduct of counsel did not lie.

The defendant was indicted at the January term, 1906, of the Supreme Judicial Court, Androscoggin County, as a common seller of intoxicating liquors. At the trial of the defendant at the same term on said indictment, and against his objection, an examined copy of the record of special liquor taxes in the Internal Revenue Office at Portsmouth, N. H., showing payment of a retail liquor dealer's tax by the Tingwick Bottling Company, from July 1, 1904, to July 1, 1905, at 127 Lincoln Street, Lewiston, Maine, and further showing payment by the same company of a tax as wholesale dealers in malt liquors, for the same period, at 84 Lincoln Alley, in said Lewiston, was offered by the State and admitted in evidence. The defendant himself testified that from July 1, 1904, to February 1, 1905, he was the owner and sole occupant of the building at 127 Lincoln Street, and the owner of the building at 84 Lincoln Alley from July 1, 1904, to the date of the trial. It also appeared from the testimony of one Hudson, a witness for the State, that the defendant gave orders and exercised control in relation to large quantities of intoxicating liquors consigned to the Tingwick Bottling Company, and that the defendant was the only person with whom the witness had any talk in regard to the Bottling Company liquors. The defendant also objected to this last mentioned testimony. *Held:* (1) That the testimony of the aforesaid witness was admissible. (2) That the circumstances as shown by the case make the relevancy of the Internal Revenue records clearly apparent as evidence competent to show that the defendant if not the owner of the liquors assisted the common seller in the business.

On exceptions by defendant. Overruled.

Indictment against the defendant, as a common seller of intoxicating liquors, second offense, under the provisions of Revised Statutes, chapter 29, section 42. The time alleged in the indictment was from May 1, 1905, to the time when the indictment was found, to wit, at the January term, 1906, of the Supreme Judicial Court, Androscoggin County. On this indictment, the defendant was tried at the same term, and was found guilty.

During the trial, the defendant took exceptions to certain rulings of the presiding Justice admitting certain evidence. The defendant also excepted to certain alleged misconduct on the part of the State's attorney in his closing argument to the jury.

The case sufficiently appears in the opinion.

*Ralph W. Crockett,* County Attorney, for the State.

*Newell & Skelton,* for the defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

PEABODY, J.   This case is a criminal prosecution on an indictment found at the January term, 1906, of the Supreme Judicial Court for Androscoggin County against the defendant as a common seller of intoxicating liquors, in which a second offense is also alleged. The time which includes the offense is from May 1, 1905, to the finding of the indictment at said term.

The verdict of the jury was for the State.

The case is before the Law Court on the defendant's exceptions to the ruling of the court admitting certain testimony against seasonable objections, also to remarks made by the attorney for the State in his closing argument to the jury against the protest of the defendant's counsel.

The first exception is to the admission of an examined copy of the record of special liquor taxes in the Internal Revenue Office at Portsmouth, New Hampshire, showing payment of a Retail Liquor Dealers' tax by the Tingwick Bottling Company, from July 1, 1904, to July 1, 1905, at 127 Lincoln Street, Lewiston, Maine, and further showing payment by the same company of a tax as Wholesale Dealers in Malt Liquors, for the same period, at 84 Lincoln Alley in said Lewiston.

The admissibility of this kind of evidence has been sustained by the decisions of this court interpreting the statute now incorporated in R. S., chapter 29, section 49:   State v. Intoxicating Liquors, 80 Maine, 57;  State v. Daniel O'Connell, 82 Maine, 30.

The defendant himself testifies that from July 1, 1904, to February 1, 1905, he was the owner and sole occupant of the building at 127 Lincoln Street, and the owner of the building at 84 Lincoln Alley from July 1, 1904, to the date of the trial.   The Internal Revenue record shows that he paid a Wholesale Liquor Dealer's tax at 127 Lincoln Street covering the period of one year from July 1, 1904.   From the testimony of Mr. Hudson, a witness for the State, which is the subject of the second exception, but which we believe admissible, it appears that Martel gave orders and

exercised control in relation to large quantities of intoxicating liquors consigned to the Tingwick Bottling Company, and that he was the only person with whom the witness had any talk in regard to the Bottling Company Liquors. These circumstances make the relevancy of the Internal Revenue records clearly apparent in this case as evidence competent to show that the defendant if not the owner of the liquors assisted the common seller in the business.

The remaining exceptions relate to the alleged improper statements of the prosecuting attorney.

As is permitted to the debater in parliamentary contests the legal advocate may employ wit, satire, invective, and imaginative illustration in his arguments before the jury, both in civil and criminal trials, but in this the license is strictly confined to the domain of facts in evidence. This rule of the limitation of his privilege is so often violated by the lawyer in the excitement of trials, and by reason of the temptation to which he is exposed by the importance of the interests which he represents to become a partizan, that numerous cases have arisen which have determined what freedom of speech may be allowed. Violation of the rule may be the ground for a new trial on motion of the party whose rights are prejudiced, or exceptions may lie to the action of the court in omitting or declining to interfere with the misconduct of counsel when objections are interposed.

The statements and remarks of the prosecuting counsel shown by the bill of exceptions were promptly called to the attention of the court by the counsel for the defendant, and the presiding Justice in each instance interfered, recognizing and stating their impropriety in the presence of the jury, and in his charge he gave special instructions on the subject.

The right of exception under our practice is conferred by statute, and is based upon some opinion, direction or judgment on the part of the court which is erroneous, and adverse and prejudicial to the party excepting. *Webster* v. *Calden*, 55 Maine, 165 ; *Rolfe* v. *Rumford*, 66 Maine, 564.

The exceptions now under discussion do not relate to any such opinion, direction or judgment of the court nor have they any

foundation in the failure of the presiding Justice to check the counsel in his departures from legitimate argument. He did what was proper to prevent any unjust influence being left upon the minds of the jury from anything said by the attorney for the State not warranted by the evidence. The statements specified were interrupted by the defendant's counsel and his criticisms and objections were sustained by the court, and they cannot reasonably be supposed to have prejudiced the defendant's case. ˙ But if it may be assumed otherwise a new trial should have been sought by motion not by exceptions. *Rolfe* v. *Rumford*, supra, 66 Maine, 564; *Powers* v. *Mitchell*, 77 Maine, 361; *Sherman* v. *M. C. R. Co.*, 86 Maine, 422; *Heller* v. *People*, 22 Colo. 11; *Tucker* v. *Henniker*, 41 N. H. 322; *Angelo* v. *People*, 96 Ill. 209.

*Exceptions overruled.*