**STATE of Maine**

v.

**Stanton TERRIO.**

Supreme Judicial Court of Maine.

Argued Jan. 21, 1982.

Decided March 2, 1982.

James E. Tierney, Atty. Gen., Charles K. Leadbetter (orally), Wayne S. Moss, Frederick C. Moore, William R. Stokes, Asst. Attys. Gen., Augusta, for plaintiff.

Sandy & Sandy, Robert E. Sandy, Jr. (orally), Waterville, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

Following a jury trial in Superior Court, Somerset County, Stanton Terrio was convicted of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B).[1] On appeal, we need

1. 17–A M.R.S.A. § 253(1) (Supp.1980) provided:

A person is guilty of gross sexual misconduct
1. If he engages in a sexual act with another person, not his spouse, and
\* \* \* \* \* \*
B. The other person has not in fact attained his 14th birthday....
17–A M.R.S.A. § 251(1)(C) (Supp.1980) defined sexual act as follows:
"Sexual act" means any act of sexual gratification between two persons involving ... the direct physical contact between the sex organs of one and the sex organs of the other.... A sexual act may be proved without allegation or proof of penetration.
P.L. 1981 c. 252 §§ 1, 3 amended sections 251 and 253(1)(A) in a manner not here pertinent.

2. The incidents described by the victim included:

discuss only Terrio's claims concerning (1) a variance between the indictment and proof at trial; (2) admissibility of rebuttal testimony regarding the defendant's prior conduct with the victim; (3) admissibility of defendant's statements to Sheriff Wright; (4) admissibility of defendant's prior conviction for theft; and (5) propriety of the prosecutor's closing argument. We vacate the judgment on the basis of improper rebuttal evidence.

The incident for which Terrio was convicted occurred at his residence in Solon in October of 1979. At that time, Terrio was living with his then wife and her two daughters from a previous marriage one of whom was the victim of the sexual misconduct. Terrio's step-daughter testified that the defendant attempted to have sexual intercourse with her when no one else was home. Terrio did not achieve penetration but direct physical contact between his sex organs and those of the victim occurred with subsequent emission by the defendant.

### I. *Variance Between Indictment and Proof*

On a voir dire examination of the victim, she related accounts of a number of sex-related incidents, arguably proscribed by 17–A M.R.S.A. § 253, involving her and the defendant. Three of the incidents occurred in Solon in 1979, a fourth occurred in Anson in 1980.[2] Following this preliminary

(1) Terrio's showing pictures from a dirty magazine to the victim in June of 1979 in Solon when the victim's mother was at a dog show—the dog show incident.
(2) The sexual misconduct occurring in Solon in October of 1979 for which Terrio was convicted—the Halloween incident.
(3) Sexual conduct occurring in Anson in June or July of 1980, wherein the defendant's toe touched the sex organs of the prosecutrix—the toe incident.
The victim also testified on voir dire that her fear of Terrio caused her not to report any of the incidents to her mother until July 1980.
The apparent purpose of examining the prosecutrix on voir dire was to aid in establishing the precise incident Terrio was to defend against at trial and in determining whether the other incidents of misconduct would be admissible as evidence at trial.

hearing discussion ensued among counsel[3] and the court regarding what specific incident Terrio was to defend against at trial. The State, appearing to be undecided, eventually chose to proceed on the incident that occurred in October of 1979 in Solon—the Halloween incident. Although defense counsel had previously thought he was defending against another incident, he did not object to the State's decision, he unequivocably stated he would not be unfairly surprised and declined the court's offer of a continuance. On appeal, Terrio complains that the difference between the indictment and the proof with respect to the towns, Anson and Solon, and the dates, June and October, create fatal variances.[4] We disagree.

Assuming, without deciding, that the locus of the crime is an essential allegation in the indictment in order to establish venue, reference to the correct county is sufficient.[5] *See Morgan v. State,* Me., 287 A.2d 592, 595 (1972); *State v. Warner,* Me., 237 A.2d 150, 157 (1967); Glassman, *Rules of Criminal Procedure with Commentaries* §§ 7.1, 18.1, 52.2 (1967). With respect to the date of the offense, "[t]he settled rule of law is that ... proof of the commission of the offense on any day within the statute of limitations, regardless of the date alleged in the indictment is not a material variance unless it prejudices the defendant." *State v. St. Clair,* Me., 418 A.2d 184, 187 n.4 (1980); *see State v. Miller,* Me., 253 A.2d 58, 71 (1969); Glassman, *Rules of Criminal Procedure with Commentaries* § 7.7 (1967).

Here, the indictment satisfies the prescriptions noted above. We treat the pretrial colloquy as, in effect, the presentation of a bill of particulars more specifically identifying the date and place of the offense and detect no fatal variance in the proof. Moreover, the defendant admitted at trial that he was not prejudiced by proceeding to trial on the Halloween incident.

## II. Rebuttal Testimony on Prior Misconduct

In her voir dire testimony, the victim described an incident where the defendant showed her a cartoon picture from a "dirty" book while victim's mother was attending a dog show—the dog show incident. Terrio denied the occurrence of this incident on cross-examination. The prosecutrix, then, for the first time in the presence of the jury, testified as to the dog show incident in her rebuttal testimony. On appeal, the defendant argues that this rebuttal testimony was improper refutation of Terrio's testimony and inadmissible under the proscriptions of M.R.Evid. 404 and 405.

We need not reach the question of whether the testimony is expressly excluded by M.R.Evid. 404 and 405 because we find that rebuttal testimony on this matter was improper. The trial court initially excluded all testimony bearing on sex-related incidents other than the charged misconduct apparently on the ground that the State had elected to proceed on the Halloween incident and, therefore, such testimony was not relevant. The State had argued that these incidents were probative in that the threats made during the other incidents and the fear they induced in the prosecutrix explained her delay in reporting the defendant's conduct. In response to this contention, the court indicated that the excluded evidence could become admissible if the defendant raised a question as to the delay in reporting.

Following the opening statements of the parties, the prosecution sought reconsideration of the court's ruling. Again, the court noted the prejudicial impact of the evidence and reiterated the belief that the evidence

---

**3.** Terrio is represented by different counsel on appeal.

**4.** The indictment at issue states:

THE GRAND JURY CHARGES: That on or about the twenty-fourth day of June, A.D. 1979 in the Town of Anson, County of Somerset and State of Maine, Stanton Terrio did engage in a sexual act with a female child,

... the said [child] not having attained her fourteenth birthday, ... being of the age of ten years and ... not being his spouse.

**5.** We are aware of no case since the 1930 creation of a single, state-wide Superior Court which holds that a variance in proof of venue as opposed to jurisdiction is fatal.

might be used if the defendant raised a question as to the delay in reporting of the incident.[6] The State then argued that the dog show incident was admissible to show Terrio's "disposition as to lewdness." After the trial court agreed with this view, defense counsel argued to the contrary. The court then apparently reserved judgment on the issue and indicated that direct examination was limited to the charged incident and the reason for the victim's delay in reporting the incident.

At the conclusion of Terrio's direct testimony, defense counsel asked the defendant if he had ever had any sexual contact with the prosecutrix "like she says." Terrio replied he had not and the State then argued at sidebar that this question opened the door to questioning about the dog show incident. Defense counsel raised no objection; the defendant denied the occurrence of this incident on cross-examination. As noted, the victim contradicted Terrio's denial in her rebuttal testimony.

The import of the previous discussion among counsel and the court and the action of the State following Terrio's testimony is twofold. First, it seems evident that the court excluded testimony on the dog show incident because the probative value of the evidence was outweighed by the danger of unfair prejudice—an implicit ruling under M.R. Evid. 403. Second, the conference discussions indicate that the probative value of this evidence might be more compelling if the defendant brought the matter into issue. In essence, a precondition to the evidence having sufficient probative value to be admissible was the defendant raising issues for which the evidence might have probative worth. The record is not clear on this point, but the State exhibited such an understanding when it claimed the door had been opened by Terrio's testimony on direct examination.

The trial court did not err in finding that the prejudicial impact of testimony about the dog show incident precluded its use at

trial absent the defendant placing the matter in issue. Under M.R.Evid. 403, the trial court must decide, in the exercise of sound discretion, whether evidence should be excluded because its probative value is outweighed by other competing factors. *See State v. Poland*, Me., 426 A.2d 896, 898 (1981). We detect no abuse of discretion in the court's excluding of this evidence unless the defendant in the presentation of his case had increased the probative value of the testimony at issue.

What we find as error is the conclusion that Terrio's testimony opened the door to testimony about the dog show incident. Defense counsel's reference to "like she says" and Terrio's response can only relate to the victim's earlier testimony in the presence of the jury, not to her voir dire testimony. It therefore cannot be construed as opening the door to the cross-examination and rebuttal testimony elicited by the State. The State cannot assert that by its cross-examination of the defendant, the door was opened. *State v. O'Neal*, Me., 432 A.2d 1278, 1282 (1981).

The defendant's failure to object to the cross-examination is not telling on the issue. Defense counsel at the conference prior to the presentation of rebuttal testimony specifically disagreed with the State's contention that the defendant had opened the door thereby allowing the State to present rebuttal testimony. While not a textbook example of courtroom procedure, we believe counsel's statement at the threshold of the presentation of rebuttal testimony sufficiently called the question of the propriety of rebuttal to the trial court's attention and therefore preserved the matter for appellate review.

Without a doubt, this testimony does not present a case of harmless error. The trial judge indicated that the testimony about the dog show incident was too prejudicial to be admissible at trial absent the defendant placing the matter in issue. The probative value of this incident is slight in that it

---

6. Apparently heeding the trial court's indication that the evidence of prior conduct might be admissible if the defendant placed the matter in

issue, defense counsel did not cross-examine the victim.

occurred four months prior to the charged incident and involves no physical contact with the prosecutrix. Nevertheless, as a sex-related incident, it retains the potential of improperly suggesting to the jury that the defendant is a bad person worthy of punishment or possesses a disposition to commit the charged act. *See State v. O'Neal*, Me., 432 A.2d 1278, 1282 (1981); *State v. Goodrich*, Me., 432 A.2d 413, 418–19 (1981); *State v. Roy*, 385 A.2d 795, 798 (1978). Indeed, the State at one of the conferences viewed the evidence as probative of Terrio's "disposition as to lewdness" and at closing argument as indicative of his lack of "hesitancy in bringing up very intimate sexual matters with young children." This argument can only be construed as suggesting that Terrio committed the crime because such conduct was in conformity with a bad character. Such use of other conduct is not permissible. M.R.Evid. 404(b). Our view that the error in admitting the rebuttal evidence was not harmless is reinforced by the observation of the trial judge at the time of sentencing that "the credibility question was so close. . . ." Given the particular circumstances in which this testimony at issue was presented, we conclude that the judgment of conviction must be set aside.

### III. *Statements to Sheriff Wright*

 Because this case may be tried again we comment upon three additional issues raised on appeal. The defendant asserts that his statements to Sheriff Wright given in the course of the officer's questioning of him were inadmissible at trial because the State did not prove the adequacy of the *Miranda* warning given to Terrio, and a knowing and intelligent waiver of his rights. The defendant, however, did not object to the presentation of Wright's testimony or seek to suppress his statement to Wright. While the State must prove ad-

missibility of a statement, it is incumbent upon the defendant to trigger further inquiry by specifically objecting to the statement's admissibility. *State v. Pelletier*, Me., 434 A.2d 52, 55 (1981); *State v. Melvin*, Me., 390 A.2d 1024, 1031 (1978). Because the question of admissibility may well arise in a totally different context after remand, we express no opinion thereon.

### IV. *Admission of Prior Conviction for Theft*

 The defendant asserts that the elicitation on cross-examination of the defendant's admission of a prior conviction for theft was error. Specifically, he claims that the trial court erred in failing to make and articulate the findings required by M.R. Evid. 609(a) before allowing evidence of the prior conviction.[7] The evaluation by the Court required under Rule 609(a) is not necessary when the defense accedes to the use of a prior conviction. Here, the defendant was informed by the prosecutor that the State intended to cross-examine Terrio about the specific prior conviction. The defendant's counsel expressly stated at a sidebar conference prior to cross-examination that he had "no objection." Moreover, the trial court properly instructed the jury that the theft conviction was not probative of guilt or innocence but that it was introduced only to assist the jury in assessing credibility.

Terrio suggests on appeal, however, that the prejudice associated with the theft conviction is enhanced by its use in the cross-examination of a character witness. The character witness was asked whether *his* opinion of the truth and veracity of Terrio would change upon learning of the prior conviction. The proper method of cross-examining the witness is to inquire whether he has heard of the conviction in order to question whether there is an adequate basis

7. Rule 609(a) provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) in-

volved dishonesty or false statement, regardless of the punishment. *In either case admissibility shall depend upon a determination by the court that the probative value of this evidence outweighs the prejudicial effect to the defendant.* (Emphasis added).

for the *community's* opinion.[8] Field & Murray, *Maine Evidence* § 405.2 (1976). The Maine rule does not permit proof of character by the opinion of the witness. *State v. Doherty*, Me., 437 A.2d 876, 879 (1981); Field & Murray, *Maine Evidence* 71 (1976) (Advisers' Note). We note this impropriety in order to avoid its repetition on remand.

### V. *Prosecution's Closing Argument*

 At closing argument the State mentioned several times that the victim's testimony at trial was consistent with her out-of-court statements to a number of individuals. On appeal the defendant asserts that the trial court erred in not ordering a mistrial following this argument because the substance of these out-of-court statements was not presented in evidence at trial. We disagree.

The trial judge, following the closing arguments of both parties, made clear that the prosecutor's closing argument was improper in that it alluded to statements not in evidence. Defense counsel, however, failed to object to the closing argument or move for a mistrial. He also adamantly refused the court's suggestion that a curative instruction be given to the jury, although the court did ultimately instruct the jury that they were to consider only the evidence presented at trial. Moreover, the defendant used, to his purported advantage, the alleged consistency of the victim's testimony with her out-of-court statements by suggesting to the jury in his closing argument that the victim's story-telling caught her in an inescapable web of lies.

Under these circumstances, we find the trial court did not commit error in failing to order, *sua sponte*, a mistrial. For whatever reason, a defendant may choose for tactical purposes to seek a verdict from the jury rather than accepting a mistrial and possible new trial. *See State v. Prudenzano*, Me., 365 A.2d 418, 421 (1976). *See also Grimaldi v. United States*, 606 F.2d 332, 339 (1st Cir. 1979) *cert. den.*, 444 U.S. 971, 100 S.Ct. 465, 62 L.Ed.2d 386 (1980). Thus, we

cannot say that the trial court erred by allowing the defendant to make such a choice when it failed to order a mistrial on its own motion. Given our disposition of this case, we need not reach the question of whether the State's argument in and of itself presents a case of obvious error affecting the defendant's substantial rights.

While we do not decide whether the prosecutor's closing argument is sufficiently prejudicial to require vacation of the Superior Court's judgment, we cannot condone the conduct of the prosecutor in alluding to matters outside of the facts in evidence. "[T]he legal advocate may employ wit, satire, invective and imaginative illustration in his arguments before the jury ... but in this the license is strictly confined to the facts in evidence." *State v. Connor*, Me., 434 A.2d 509, 512 (1981) *quoting State v. Martel*, 103 Me. 63, 66, 68 A. 454, 455 (1907). See M.Bar R. 3.7(e)(1)(i) and 3.7(e)(2)(ii); ABA Standards, The Prosecution Function § 5.9 (1971). We do not suggest that the prosecutor's conduct in this case was deliberate but note that prosecutorial bad faith is "not an irrelevant element in our review of State criminal convictions." *State v. Thornton*, Me., 414 A.2d 229, 235 n.5 (1980) *quoting Burgett v. Texas*, 389 U.S. 109, 116 n.1, 88 S.Ct. 258, 262 n.1, 19 L.Ed.2d 319, 326 n.1 (1967) (Warren, C.J. concurring); *see State v. Collin*, Me., 441 A.2d 693, 697 (1982). We comment upon the incident so that no similar conduct will occur on remand.

The entry is:

Judgment vacated.

Remanded to Superior Court.

All concurring.

---

8. If there is objection in this context, without previous evidence of the conviction, the trial court would have an obligation under Rule 403

to weigh the possible prejudice much like its obligation under Rule 609(a).