STATE of Maine

v.

**Glen ADAMS a/k/a Robert J. Moul.**

Supreme Judicial Court of Maine.

Argued June 9, 1986.
Decided Aug. 11, 1986.

Paul Aranson, Dist. Atty., Laurence Gardner (orally), Maryellen Albanese, Asst. Dist. Attys., Portland, for plaintiff.

Beagle, Reiche & Ridge, Martin Ridge (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

ROBERTS, Justice.

Glen Adams, also known as Robert J. Moul, appeals his convictions on three counts of gross sexual misconduct, 17–A M.R.S.A. § 253 (1983) and one count of unlawful sexual contact, 17–A M.R.S.A. § 255 (1983) after trial by jury in Superior Court, Cumberland County. Adams claims that the combined effect of evidence of prior sexual misconduct and a jury instruction on the State's burden of proving when the crimes occurred resulted in reversible error. He also alleges error in the admission of testimony and in the improper use of that testimony in the State's summation to the jury. Finding no reversible error, we affirm.

## I.

The Cumberland County Grand Jury returned a four-count indictment charging Adams with three counts of gross sexual misconduct and one count of unlawful sexual contact between January 1, 1982 and December 31, 1982. The State's primary witness was Adams's stepdaughter, the victim, who was fourteen years old at the time of trial. She testified that the incidents that gave rise to the allegations of sexual misconduct generally occurred in the after- noon when she returned home from school. Her stepfather, who worked nights, was generally home in the afternoon, while her mother, who worked days, was away. The victim further testified that the sexual activity with Adams, occurring several times a week, began around 1976 and continued until her parents separated in 1983. With the exception of one incident, around Christmas 1982, when Adams planted a hypnotic suggestion in her mind to rub his penis whenever she saw a Christmas light, the victim did not attach specific dates to the incidents that she described.

The victim further testified that she did not tell anyone about the sexual acts at the time because she was afraid of Adams's reaction and because she did not realize that the activities were wrong. She first disclosed the incidents in 1984 to her mother after her mother and stepfather had separated and sometime after she had seen a film on child abuse. In the spring of 1985 she also spoke with her high school teacher about general difficulties with past home life.

Mrs. Adams testified that she learned of the abuse from her daughter in November of 1984 and that she then called her attorney, Terry Snow, Esq., to discuss the problem with him. She did not speak with anyone else about the abuse until 1985, when she anonymously contacted the Community Counseling Center and spoke to Marc Stowbridge, a center worker.

Over defense counsel's objection, the State presented testimony from Terry Snow, Marc Stowbridge and the high school teacher. None of the witnesses testified to any details of the victim's complaints against Adams. In response to the testimony of the witnesses, defense counsel requested that the court instruct the jury that the testimony was not admissible as circumstantial evidence to support the victim's statements. The court denied that request.

## II.

Although he had not sought a bill of particulars, Adams objected under M.R.

Evid. 404(b) to the introduction of any evidence of sexual misconduct by the defendant except during calendar year 1982. The court ruled that such evidence would be admissible to show motive, intent, or opportunity. Later, Adams objected to the court's instruction to the jury that the State need only prove that the offenses occurred within the six years preceding the indictment of Adams.

Adams's argument on appeal is limited. He claims that by allowing testimony that the defendant's conduct encompassed a five to six year period and then permitting the State's proof to include that period, the court "removed from the State the burden of establishing beyond a reasonable doubt that even one incident occurred in 1982 and placed upon the Defendant an impossible burden of defending himself against vague and unspecified allegations over a six (6) year period of time." Adams relies on our decision in *State v. Terrio*, 442 A.2d 537 (Me.1982), as establishing the prejudicial impact of evidence of the defendant's prior bad acts.

■ The first point of Adams's argument is easily resolved because the State had no burden of proving the date of occurrences other than within the statute of limitations. *State v. Walker*, 506 A.2d 1143, 1146 (Me.1986). Adams cannot now complain of having to defend against a six year period because he sought no pretrial specification as to dates.

■ Adams also misreads our opinion in *Terrio*. That decision dealt with a narrow circumstance. The State had chosen in colloquy with the court to prove a specific incident (the Halloween incident), and the court ruled that all other incidents were excluded unless the defendant opened the door. In our opinion, we expressly avoided any decision on Terrio's claim that the other sex acts were inadmissible under M.R. Evid. 404. Instead, we condoned as within the discretion of the trial court its implicit

ruling under M.R.Evid. 403. Accepting that ruling as the law of the case, we proceeded to determine that the defendant's testimony had not opened the door to the admission of the excluded evidence. In the case at bar, we conclude that there was no error in the admission and limited use of the evidence of other sexual misconduct.[1]

### III.

■ Adams's second issue relates to the testimony of several witnesses as to conversations they had with the victim and Mrs. Adams. Adams argues that the testimony amounted to evidence of prior consistent statements of the victim that are not permitted in evidence pursuant to M.R. Evid. 801(d)(1) because they do not tend to rebut an implied charge of improper motive. Adams misconceives the nature of this evidence. Initially we note that none of the testimony recited the details of the victim's complaints against Adams. The testimony was offered not as proof of the facts asserted, but to demonstrate the timing and circumstances under which a complaint was made. Thus, the evidence was not hearsay within the meaning of M.R. Evid. 801(c). *See State v. True*, 438 A.2d 460, 464 (Me.1981), *State v. Walton*, 432 A.2d 1275, 1277 (Me.1981).

■ Usually, when a complaint is made shortly after the offense was committed, only the fact of the initial complaint will be relevant. Because in the case before us the authorities were first informed some three years after the events of 1982, the State was permitted to introduce in its case in chief an explanation of the delay. The evidence is relevant to rebut the normal inference that such an unusual delay suggests that no crime occurred. *See Fitzgerald v. U.S.*, 443 A.2d 1295, 1303–05 (D.C. 1982); 4 J. Wigmore, *Evidence* § 1135 (J. Chadbourn ed. 1972).

---

1. We discussed in some depth the permissible use of evidence of other sexual activity in *State v. DeLong,* 505 A.2d 803, 805–06 (Me.1986).

More troublesome to us is Adams's claim that the State made improper use of the evidence in its final argument. That assertion, if true, combined with the trial court's refusal to give a limiting instruction to the jury, might result in reversible error. We have examined the entirety of the State's argument and find that argument to be within proper bounds. The State urged the jury to consider the circumstances of the complaints as corroborative of the victim's reason for concealing the abuse and as inconsistent with any improper motive on the part of the victim connected with her mother's divorce from Adams. Perhaps a cautionary instruction would have been a prudent measure for the trial court, but the instruction requested by Adams did not correctly state the rule and overly restricted the proper use of the evidence. We are satisfied that the error, if any, in failing to give a limiting instruction was harmless.

The entry is:

Judgment affirmed.

All concurring.