**STATE of Maine**

v.

**Clyde D. EMMONS.**

Supreme Judicial Court of Maine.

Argued June 12, 1987.

Decided July 30, 1987.

Mary Tousignant, Dist. Atty., David D. Gregory (orally), Alfred, for plaintiff.

Thomas Van Houten (orally), Wood & Van Houten, Sanford, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

GLASSMAN, Justice.

Clyde D. Emmons appeals from the judgment of the Superior Court, York County, entered on the jury's verdict finding him guilty of two counts of gross sexual misconduct in violation of 17–A M.R.S.A. § 255(1)(B) (Supp.1986). On appeal, Emmons challenges the trial court's admission of certain evidence and statements made by the State in its closing argument. We hold that the evidence was properly admitted and the challenged comments were adequately based on facts in evidence, and affirm the judgment.

■ In March 1985 Emmons was indicted on two charges of gross sexual misconduct, occurring in 1982 and 1983 with his stepdaughter who was then approximately nine or ten years of age. Emmons denied the charges. On cross-examination of the child and an investigating officer during the trial of this matter, Emmons sought to elicit testimony that the charges had been induced by a dream of the child and timed to prevent him from obtaining custody of his own children. Thereafter, the State

offered the testimony of two of the aunts of the child. Each aunt testified she had become concerned about the well being of the child because each had witnessed an occasion when the child had awakened from an apparent nightmare, screaming and crying. One aunt testified that the child "kept saying will you get away from me, will you leave me alone." As a result of the aunts' concern, the alleged misconduct was revealed in late 1984. Emmons claims the testimony of the child's aunts was inadmissible hearsay within the meaning of M.R.Evid. 801(c). We disagree. The testimony of the aunts did not recite any detail of the child's complaints against Emmons. It was offered not as proof of any facts asserted "but to demonstrate the timing and circumstances under which a complaint was made," and was not hearsay within the meaning of M.R.Evid. 801(c). *State v. Adams*, 513 A.2d 854, 856 (Me. 1986).

At trial Emmons testified on both direct and cross-examination as to the details of his life style while he and the child's mother were living together as compared to that after their separation. Emmons does not claim, nor could he, that the State's cross-examination was prejudicial. *See State v. Dube*, 522 A.2d 904, 909 (Me. 1987). He claims, however, he was unfairly prejudiced by the comments made by the State in its closing argument as to his life style while living with the child and her mother. Emmons' life style during this period of time had been freely disclosed by him while testifying at the trial of this case. We hold the comments were fairly based on the facts in evidence and were not unfairly prejudicial to Emmons. *See State v. Pendexter*, 495 A.2d 1241 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.