STATE of Maine

v.

**Thomas E. YOUNG.**

Supreme Judicial Court of Maine.

Argued May 10, 1989.
Decided July 12, 1989.

Michael E. Povich, Dist. Atty., Garry L. Greene (orally), Asst. Atty. Gen., Ellsworth, for State.

William N. Ferm, Rose Giosia (orally), Ferm & McSweeney, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Thomas E. Young, appeals his convictions of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983 & Supp.1988), and unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983 & Supp. 1988), following a jury trial in Superior Court (Hancock County, *Beaulieu, J.*). We affirm the judgment.

■ Young first argues that his motion to suppress certain inculpatory statements he made to a police detective during an interview conducted at Young's office was improperly denied. The statements were not preceded by *Miranda* warnings. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The suppression court (*Silsby, J.*) found that the defendant, who was told he was not under arrest and could terminate the interview at any time, was not in custody when the statements were made. The evidence presented at the suppression hearing provided ration-

al support for the finding that Young was not in custody. *State v. Bridges,* 530 A.2d 718, 720 (Me.1987). Because Young was not in custody, *Miranda* warnings were not required in order for his statements to be admissible at trial. *See State v. Jalbert,* 537 A.2d 593, 594 (Me.1988).

The court also found that Young's statements were voluntary beyond a reasonable doubt. A statement is voluntary if "it results from the free choice of a rational mind, if it is not a product of coercive police conduct, and if under all of the circumstances its admission would be fundamentally fair." *State v. Mikulewicz,* 462 A.2d 497, 501 (Me.1983). Our review of the evidence presented at the suppression hearing reveals that the finding of voluntariness was not clearly erroneous. *State v. Pinkham,* 510 A.2d 520, 522 (Me.1986).

■ Young next contends that the court erred in instructing the jury that the State did not have to prove the specific dates of the crimes charged. The indictment charged Young with committing the alleged crimes "on or about" certain dates. The bill of particulars filed by the State, *see* M.R.Crim.P. 16(c)(2), provided Young with various details about the acts alleged in the indictment, but did not provide specificity as to the dates of the incidents, using the phrase "on or about" in referring to the dates. After receipt of the bill of particulars, Young did not seek further specificity as to dates. In cases involving an allegation of sexual abuse, the State has no burden to prove the date of the occurrence of the offense. The State, however, must prove that the offense was committed within the statute of limitations, *State v. Adams,* 513 A.2d 854, 856 (Me.1986), and, in cases involving child victims, the State has the burden to establish that the victim was under a certain age when the offense was committed. *State v. Drown,* 447 A.2d 466, 469 (Me.1982). In light of the "on or about" language of the indictment and the bill of particulars, the court's instruction on the State's burden of proving the dates of the offenses was not error.

■ Young further contends that the court erred in allowing the victim to testify about certain acts of physical contact between her and Young. The victim was allowed to testify over Young's objection as to other incidents when Young "became physical" with her. She testified that Young held her hand while they were roller skating, that he hugged her and kissed her on the lips while she was in his car, and that he lay on top of her and kissed her while she was in her bed. The court gave the jury a limiting instruction that such evidence could not be considered as an indication that Young acted in conformity with those acts and committed the acts charged in the indictment, but they were to be considered only for certain limited purposes, such as the identity of the defendant, knowledge, intent, motive, plan, or attraction to the victim, and the opportunity of the defendant. Young did not object to the limiting instruction, nor did he object to the testimony of another witness about acts of physical contact between Young and the victim. Because Young failed to object to the instruction limiting the jury's consideration of the other acts of physical contact, and to other evidence of that contact, we review such evidence for obvious error affecting substantial rights and find none. *See State v. Naoum,* 548 A.2d 120, 125 (Me.1988); M.R.Evid. 103(d); M.R.Crim.P. 52(b). Indeed, in this case, we find no error in the court's allowing such evidence for a limited purpose. Evidence of acts other than the acts subject to the criminal charges are admissible to show, among other things, a relationship between the parties, a defendant's attraction to the victim, his intent, and opportunity to commit the crimes with which he is charged. *State v. DeLong,* 505 A.2d 803, 806 (Me.1986). The evidence was properly admitted for those purposes in this case.

■ The victim and her mother testified, over the objection of Young, about the contents of several letters that Young wrote to the thirteen-year-old victim professing his love for her and his intent to divorce his wife and marry her. The victim burned the letters soon after she received

them. Although M.R.Evid. 1002 [1] provides that an original writing is generally required to prove the contents of that writing, the court correctly admitted the testimony about the letters under M.R.Evid. 1004, which provides in pertinent part as follows:

### RULE 1004  ADMISSIBILITY OF OTHER EVIDENCE OF CONTENTS

The original is not required and other evidence of the contents of a writing, recording, or photograph is admissible if:

(1) Originals Lost or Destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith....

M.R.Evid. 1004 thus allows a witness to testify about the contents of a letter if the original is unavailable and the proponent did not make the letter unavailable in bad faith. *See* Field & Murray, *Maine Evidence* § 1004.1, at 420–21 (2d ed. 1987). There is no evidence that the letters were destroyed in bad faith. Contrary to Young's contention, because the originals were unavailable, there was no error in permitting the victim and her mother to testify about the contents of the letters written by Young.

Young also asserts that the evidence is insufficient to sustain his convictions. Our review of the record reveals evidence sufficient to allow a jury rationally to find beyond a reasonable doubt every element of the offenses for which Young was convicted. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

Other contentions of Young are without merit and do not require discussion.

The entry is:

Judgment affirmed.

All concurring.

---

**1.** M.R.Evid. 1002 provides:

To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute.