**STATE of Maine**

v.

**Franklin GROSSMAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 4, 1990.
Decided Sept. 25, 1990.

Neale T. Adams, Dist. Atty., Caribou, for the State.

David Edgard, Houlton, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

Defendant Franklin Grossman was convicted of burglary (Class B), in violation of 17–A M.R.S.A. § 401 (1983), and robbery (Class A), in violation of 17–A M.R.S.A. § 651 (1983), following a jury trial in the Superior Court (Aroostook County, *Pierson, J.*). The sole issue on appeal is whether he was deprived of a fair trial by the prosecutor's remarks during final argument. We conclude that he was not, and affirm the conviction.

Grossman did not dispute the facts of the incident giving rise to the robbery and burglary charges. Instead, at trial he relied on an intoxication defense. He testified that at the time of the robbery he was taking two prescription drugs, Amitryptiline and Xanax. He also put on witnesses who testified that he appeared listless or under the influence of a drug or alcohol.

The prosecutor suggested in his closing argument that the defendant had fabricated his intoxication defense, calling his story "convenient", "well orchestrated", and "a process of manipulation." Defense counsel objected that the prosecutor was "ridiculing" the defendant, but did not move for a mistrial. The presiding justice instructed the prosecutor to "argue the evidence based on the facts before the jury" without expressing any personal opinion.

Grossman now contends that the prosecutor's argument improperly disparaged the intoxication defense and thus was impermissibly prejudicial under *State v. McDonald*, 472 A.2d 424 (Me.1984). In *McDonald*, the defendant invoked the defenses of insanity and intoxication. In closing argument, the prosecutor disparaged the defenses themselves, referring to them as "a very common excuse." *Id.* at 425. On appeal, we held that such statements "were clearly designed to awaken in the jury a suspicion that the defenses were merely a subterfuge," thus undermining the intent of the Legislature in permitting such defenses, and depriving the defendant of a fair trial. *Id.* at 425–426. "Although the prosecutor may attack the sufficiency of defense evidence, he is not at liberty to disparage the legal principles upon which the defense is based." *Id.*

The prosecutor's argument in this case, however, did not disparage the intoxication defense. Rather, the prosecutor argued that the claimed intoxication was a fabrication. He suggested that Grossman was not actually intoxicated, but "orchestrated" the appearance of intoxication after his arrest; that his statement that he blacked out and could not remember the robbery was not credible; and that, alternatively, even if he could not remember the robbery at the time of trial, he could have possessed the requisite intent to commit the crime.

*McDonald* does not prohibit a prosecutor from arguing that a defendant deliberately simulated intoxication to avail himself of an intoxication defense, where that argument is based on the facts in evidence. The prosecutor in this case did not argue to the jury that the intoxication defense itself is spurious, but that Grossman's use of the defense was not credible. As long as argument is based on facts in evidence and inferences therefrom, "the legal advocate may employ wit, satire, invective, and imaginative illustration in his arguments before the jury ..." *State v. Terrio*, 442 A.2d 537, 543 (Me.1982) (quoting *State v. Conner*, 434 A.2d 509, 512 (Me.1981) and *State v. Martel*, 103 Me. 63, 66, 68 A. 454, 455 (1907)). The prosecutor's argument in this case may have ridiculed the defendant's story, but it did not run afoul of our prohibition in *McDonald* against attacking the legal validity of his defense, and thus it did not deprive the defendant of a fair trial.

The entry is:

Judgment affirmed.

All concurring.