2000 ME 25

**STATE of Maine**

v.

**Dana BROWN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1999.

Decided Feb. 11, 2000.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

DANA, J.

[¶ 1] Dana Brown appeals from the judgment entered in the Superior Court (Penobscot County, *Kravchuk, C.J.*) on a jury verdict finding him guilty of gross sexual misconduct in violation of 17–A M.R.S.A. § 253 (1987),[1] gross sexual assault in violation of 17–A M.R.S.A. § 253 (1989),[2] and incest in violation of 17–A M.R.S.A. § 556 (1989).[3] Brown contends the court committed error when it denied his request for a continuance so he could consider seeking new counsel and there was insufficient evidence to support the jury's verdicts on two of the counts on which he was convicted. We agree there was insufficient evidence to support one of the two counts and therefore vacate the judgment and sentence on Count IV of the indictment. In all other respects we affirm the judgment.

[¶ 2] Brown's trial was originally scheduled to commence on January 19, 1999. On January 15, Brown filed a motion to continue the trial because his counsel had only recently received records that the court had compelled the Department of Human Services to produce, and his counsel's review of those records uncovered information that required additional time to investigate. The motion was granted on January 19, with the court indicating that "absent extraordinary circumstances" the defendant would not be permitted to con-

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Walter F. McKee, Esq., Lipman & Katz, P.A., Augusta, for appellant.

1. In 1987, 17–A M.R.S.A. § 253 stated, in pertinent part, as follows:

A person is guilty of *gross sexual misconduct*
1. If he engages in a sexual act with another person, and
. . . .
    B. The other person, not his spouse, has not in fact attained his 14th birthday.
17–A M.R.S.A. § 253 (1987) (emphasis added).

2. In 1989, 17–A M.R.S.A. § 253 stated, in pertinent part, as follows:

A person is guilty of *gross sexual assault*
1. If he engages in a sexual act with another person, and
. . . .
    B. The other person, not his spouse, has not in fact attained his 14th birthday.
17–A M.R.S.A. § 253 (1989) (emphasis added).

3. Title 17–A, section 556(1), states as follows:

A person is guilty of incest if, being at least 18 years of age, that person engages in sexual intercourse with another person who the actor knows is related to the actor within the 2nd degree of consanguinity.
17–A M.R.S.A. § 556(1) (1989).

tinue the trial again. The parties agreed to transfer the case from Piscataquis County to Penobscot County to expedite trial.

[¶ 3] On February 8, the first day of the trial, Brown again moved to continue the trial because he was considering hiring a new lawyer, explaining that he was concerned his counsel was not prepared for trial. The court questioned Brown's counsel regarding his preparation and investigation. Counsel indicated that, although he was sensitive to Brown's concerns, he was prepared to proceed. The court then denied the motion to continue and stated that the trial would go forward as scheduled. The court indicated that, if necessary, it would give leave to Brown to recall any witness testifying on the first day of the trial.

[¶ 4] At trial, the victim testified with regard to specific sexual acts that occurred between her and Brown, her father. The victim was born on January 12, 1976, and was 23 years old at the time of the trial. With respect to the acts for which Brown had been indicted, the victim testified about several incidents that occurred between October 9, 1985 [4] and January 12, 1990, her fourteenth birthday.[5]

[¶ 5] The victim first testified about a 1988 incident when she went to the home of a friend of her father's in Howland, Penobscot County. She recalled that Brown had sent her two sisters downstairs or outside to play, but kept her with him to have her perform oral sex on him. She also described another incident of oral sex following the purchase of a bicycle in Bangor.

[¶ 6] The victim was then asked about other incidents that occurred while she was in junior high school. While she was unable to recount the exact dates or details surrounding these other occasions, she testified that there were other occasions during junior high school when her father came to her room to engage in oral sex with her.

[¶ 7] Brown contends that there is insufficient evidence to support a guilty verdict in two counts of the indictment. To convict a defendant, the jury must find every element of the charged offense beyond a reasonable doubt.[6] *See State v. Deering*, 1998 ME 23, ¶ 12, 706 A.2d 582, 585; *State v. Poulin*, 1997 ME 160, ¶ 15, 697 A.2d 1276, 1280. When reviewing challenges to the sufficiency of the evidence supporting a conviction, we review

---

4. With respect to the gross sexual assault and gross sexual misconduct allegations, Brown could only be charged with acts that had occurred between October 9, 1985 and January 12, 1990, the victim's fourteenth birthday. The reason for this limitation is that Maine enacted a statute, effective October 9, 1991, removing the application of the statute of limitations to certain crimes against persons under the age of 16, including gross sexual assault. *See* 17–A M.R.S.A. § 8(1) (1991). The statute states as follows:

> It is a defense that prosecution was commenced after the expiration of the applicable period of limitations provided in this section; provided that … *if the victim had not attained the age of 16 years at the time of the crime, a prosecution for incest, rape or gross sexual assault, formerly denominated as gross sexual misconduct, may be commenced at any time.*

*Id.* (emphasis added).

As six years was the previous limitations period for gross sexual assault/misconduct, the 1991 amendment applied to acts that had occurred within six years of its effective date, or, more precisely, October 9, 1985.

5. The disputed counts of the indictment track the language of Section 253(1). *See* M.R.S.A. § 253(1) (1987 & 1989) (both versions proscribe sexual acts with another person only if the other person has not attained her fourteenth birthday). Thus, sexual acts occurring after January 12, 1990 are not chargeable because they are not proscribed by either version of Section 253(1), pursuant to which Brown had been charged.

6. The elements of 17–A M.R.S.A. § 253(1) are essentially the same in both the 1987 and 1989 versions, and are as follows: (1) engaging in a sexual act with another person, (2) not his spouse, and (3) the other person has not in fact attained the age of 14. *See* 17–A M.R.S.A. § 253(1) (1987 & 1989).

the evidence in the light most favorable to the State to determine whether the jury "rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Marden,* 673 A.2d 1304, 1311 (Me.1996) (citations omitted). We will reverse a verdict only where we find that "no trier of fact rationally could find proof of guilt beyond a reasonable doubt." *State v. Durgan,* 467 A.2d 165, 166 (Me. 1983) (citations omitted).

[¶ 8] Brown was convicted on three counts of gross sexual assault/misconduct against the victim. The State argues that her testimony supports a finding that Brown had engaged in at least three separate sexual acts before the victim turned 14: an oral sex act following the purchase of a bicycle in Bangor,[7] the 1988 oral sex act at her father's friend's house in Howland, and the other oral sex acts that occurred in the victim's bedroom while she was still in junior high school.

[¶ 9] Brown argues that the oral sex act at the home of a friend in Howland, Penobscot County, could not have formed the basis of a finding of guilt on either of the challenged counts of the indictment because both state that the act occurred in "the Town of Brownville, County of Piscataquis and State of Maine." Brown argues that because the Howland incident occurred outside Brownville, the jury could not have relied on that act to support a finding of guilt.

[¶ 10] We have held that variances between the indictment and the proof offered at trial are not always fatal. *See State v. Terrio,* 442 A.2d 537, 539–540 (Me.1982). We have stated that "when an indictment charges a crime in which place is not an essential element, the allegation of place serves only to fix the *venue* of the prosecution." *Morgan v. State,* 287 A.2d 592, 595 (Me.1972) (emphasis added). In *Terrio,* the defendant was charged with committing the offense of gross sexual misconduct

in the town of Anson. *Terrio,* 442 A.2d at 540. At trial the victim recounted an act that occurred in the town of Solon. *Id.* We assumed, without deciding, that the locus of the crime was an "essential allegation in the indictment in order to establish *venue,*" not an essential element of the crime, and concluded that the defendant had not been prejudiced by proceeding to trial on the Solon incident. *Id.* (emphasis added).

■ [¶ 11] In the instant case neither party attempted to assert that the location of the sexual act was an essential element of the crime. In addition, the State asserted in conference with the court that the Howland incident was raised in discovery, and Brown was aware of it. Brown did not dispute this assertion. Accordingly, as the location described in the indictment is relevant only to venue, and not an essential element of the crime, Brown was not unfairly prejudiced by the jury's ability to consider the Howland incident.

■ [¶ 12] Brown next argues that the victim's testimony about Brown being in her room on numerous other occasions while she was in junior high school was insufficient to support a finding of a third incident of gross sexual assault. We agree.

[¶ 13] The State is required to prove beyond a reasonable doubt that the event actually occurred before the child turned 14. Evidence on that issue is simply absent from the record. This is not a situation where the child's testimony could have led to different conclusions. Rather, her testimony relating to this specific charge was sparse at best and did not identify any date from which the jury could infer that the acts complained of occurred before she turned 14.

[¶ 14] The only testimony from which the jury could have inferred that a crime

---

7. Brown does not argue that the testimony regarding the "bicycle incident" was insuffi-

cient to support a finding of guilt.

occurred was the victim's own very vague response to questions from the prosecutor. The colloquy went as follows:

Q  Now while you were in junior high school, you continued to live in Brownville?

A  Hm-hmm.

Q  And was this incident [involving the bicycle] that you just told us about the only time that he came into your room at night and had oral sex with you?

A  No.

Q  Were there other times this happened to you while you were in junior high school?

A  Hm-hmm. Yes.

Q  Can you remember any of the details at all about them or just that it happened or—

A  I just remember him being there.

When the child turned 14 on January 12, 1990, she was still in junior high and remained in junior high for several more months.

■ [¶ 15] To be persuaded that the facts have been proved beyond a reasonable doubt, a jury must be convinced that the facts are "sufficient to convince [it] of the defendant's guilt and [ ] the degree of conviction which [it] must have is a conscientious belief that the charge is *almost certainly true*." *State v. Estes*, 418 A.2d 1108, 1115 (Me.1980), *quoted in State v. Weisbrode*, 653 A.2d 411, 417 (Me.1995) (emphasis added).

[¶ 16] The colloquy set out herein is simply and starkly insufficient to persuade any rational factfinder that it is almost certainly true that the defendant committed a further act of gross sexual assault upon the victim on or before January 12,

1990. We must therefore vacate the entry of judgment of conviction on Count IV of the indictment.[8]

■ [¶ 17] We turn next to Brown's argument that the court committed error when it denied his request for a continuance. We will vacate a conviction following the decision of a trial court to deny a defendant's request for a continuance to replace counsel only on a showing that the trial court clearly abused its discretion. *See State v. LaBare*, 637 A.2d 854, 855 (Me.1994); *State v. Ayers*, 464 A.2d 963, 967 (Me.1983). "The sixth amendment right to counsel does not confer upon a defendant an absolute right to counsel of defendant's choice." *State v. Barrett*, 577 A.2d 1167, 1171 (Me.1990) (citing *Ayers*, 464 A.2d at 966). Nor does it "guarantee[ ] a 'meaningful relationship' between an accused and his counsel." *Id.* (quoting *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)) (alteration in original). "The Constitution guarantees criminal defendants only a fair trial and a competent attorney as necessary to ensure an adequate defense." *Id.* (quoting *Ayers*, 464 A.2d at 967 n. 2) (interpreting the Supreme Court's meaning of the term "meaningful relationship").

■ [¶ 18] Brown argues that the trial court's denial of his request was an abuse of discretion because there was no good reason to deny the request in these circumstances. Brown argues that his request to continue the trial so that he could consider hiring a new attorney was not an attempt to subvert the orderly criminal process. *See Ayers*, 464 A.2d at 966.[9] When speaking to the trial court, Brown merely indicated that he was not complete-

---

8. Because with respect to Counts II, III and IV the court sentenced the defendant to concurrent sentences of ten years with all but four years suspended, it is unnecessary to remand for resentencing.

9. In *Ayers*, this Court stated that:
   A court need not tolerate unwarranted delays, and, if in the sound discretion of the court the attempted exercise of choice is deemed dilatory or otherwise subversive of orderly criminal process, the court may compel a defendant to go to trial even if he is not entirely satisfied with his designated attorney.
   *Ayers*, 464 A.2d at 966.

ly happy with the pace of the investigation being performed by the investigator hired by his attorney and that he had been unable to contact his attorney during the weekend preceding the trial. Notably, Brown did not raise these concerns until the morning the trial was set to begin.

[¶ 19] "Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *Ayers*, 464 A.2d at 967 (quoting *Morris v. Slappy*, 461 U.S. at 11–12, 103 S.Ct. 1610) (internal quotations omitted). After listening to Brown and then making an inquiry of Brown's counsel with respect to his preparation and investigation of the case, the trial court denied the motion. In denying the motion the trial court stated that Brown's counsel was sufficiently prepared to provide an adequate defense. The court further stated that it would accommodate Brown's concerns by granting him leave to recall any witness from the first day later in the trial.

[¶ 20] Based on the court's consideration of papers filed by Brown's counsel, as well as the fact that the court had the benefit of a discussion with counsel regarding the facts and law involved in the case through which it found that counsel had a sufficient understanding of the case, we find that the court's decision was not an abuse of its discretion.

The entry is:

Judgment with respect to Count IV vacated, in all other respects judgment affirmed.