2000 ME 185

**STATE of Maine**

v.

**Raymond A. ROUSSEL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 6, 2000.

Decided Oct. 27, 2000.

that there was no work within his physical capacity available to him in the competitive labor market.

Andrew Ketterer, Attorney General, Matthew S. Erickson, Asst. Attorney General, Bangor, for State.

Stuart W. Tisdale, Tisdale & Davis, P.A., Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Raymond Roussel appeals from a judgment of the Superior Court (Piscataquis County, *Mills, J.*) following a jury conviction for unlawful trafficking in schedule Z drugs, a Class C crime, in violation of 17–A M.R.S.A. § 1103(2)(B) (1983 & Supp.1999).[1] On appeal, Roussel contends that the jury's determination that he participated in growing or cultivating 100 or more marijuana plants is not supported by the evidence, that it was obvious error to admit evidence regarding a marijuana growing operation in which, he asserts, he did not participate, and that the judgment and commitment form incorrectly states that he was convicted of aggravated trafficking, as he was originally charged, when the jury convicted him of the lesser included offense of Class C trafficking in marijuana. We affirm the judgment, but remand for correction of the judgment and commitment form and the docket entries.

## I. CASE HISTORY

[¶ 2] The record supports the following facts: Raymond Roussel and Timothy Farrar were acquaintances. In 1998, Farrar maintained a substantial marijuana growing operation at his residence in the Brownville area and in the adjacent woods. Farrar asked Roussel to assist him in tending the marijuana plants growing at various locations in the woods by carrying soil, assisting with watering, and providing other assistance in planting and tending the marijuana plants. Roussel undertook to provide that assistance.

[¶ 3] In May 1998, officers from the Brownville Police and the Piscataquis County Sheriff's Office executed a search warrant at Timothy Farrar's residence and discovered a total of 224 marijuana plants in the grow operation at the residence. Searching the woods, the officers encountered Roussel and Farrar, carrying buckets, emerging from a path that led to 24 marijuana plants growing in cutoff plastic milk jugs. The officers then discovered an additional 40 marijuana plants growing in a clearing in the woods near the Bangor and Aroostook railroad tracks. Earlier in the day, the officers had harvested 45 or 48 plants from a plot located across the Pleasant River from Farrar's residence. This discovery had led to the search warrant resulting in the search of Farrar's residence.

[¶ 4] Because Farrar's residence was believed to be within 1000 feet of a school, Roussel was indicted for aggravated trafficking in marijuana (Class B) based on his alleged participation in growing or cultivating 100 or more marijuana plants within 1000 feet of a school. *See* 17–A M.R.S.A. §§ 1103(2)(B), 1105(1)(E) (Supp.1999).

[¶ 5] At trial, Farrar testified for the State that, at his request, Roussel had assisted him in tending the marijuana plants in the woods which, according to

1.   17–A M.R.S.A. § 1103(2)(B) makes growing or cultivating 100 or more marijuana plants a    Class C crime.

Farrar's testimony, included 24 plants in jugs, 40 plants in an area near the railroad tracks, and 48 plants across the Pleasant River. Roussel's assistance to Farrar was confirmed by the officers' observation of Roussel and Farrar emerging with buckets from the area where the 24 marijuana plants were located.

[¶ 6] The trial record included no evidence that Roussel assisted in any way in the grow operation at Farrar's residence. Before Farrar testified, however, the State, without objection from defense, had introduced evidence regarding the 224 plants found at Farrar's residence. The State also presented evidence of the distance between the Farrar residence and a school.

[¶ 7] The jury was appropriately instructed on the indicted charge of aggravated trafficking in marijuana (Class B) by growing or cultivating 100 or more marijuana plants within 1000 feet of a school and several lesser included offenses. The jury convicted Roussel of growing or cultivating 100 or more marijuana plants but not within 1000 feet of a school. Roussel was sentenced in accordance with that conviction. However, the judgment and commitment form reflects a conviction and sentence for "aggravated" trafficking in schedule Z drugs, although with the Class C designation. The same error is reflected in the docket entries regarding the conviction and sentence. The docket entries include an incorrect statutory citation to 17-A M.R.S.A. § 1105(1)(A) which aggravates an offense when it involves a child under 18 years of age, a matter not at issue in this case. After entry of judgment, Roussel brought this appeal.

## II. DISCUSSION

[¶ 8] When reviewing the sufficiency of the evidence supporting a conviction, we review the evidence in the light most favorable to the jury's verdict to determine whether a jury rationally could find beyond a reasonable doubt each element of the offense charged. *See State v. Gray*, 2000 ME 145, ¶ 25, 755 A.2d 540, 546; *State v. Brown*, 2000 ME 25, ¶ 7, 757 A.2d 768, 770–71.

[¶ 9] In this case, the evidence is sufficient to support the jury's conclusion that Roussel assisted Farrar in growing and cultivating the marijuana plants in the woods as a principal or as an accomplice [2] by participating in carrying soil, watering the plants, and otherwise tending the plants as requested by Farrar. Roussel asserts that there is insufficient evidence to support a finding that Roussel assisted in tending 100 or more marijuana plants. However, Farrar's testimony is sufficient to support a conclusion that Roussel assisted in tending 48 marijuana plants across the Pleasant River, 40 plants near the Bangor and Aroostook tracks,[3] and 24 plants in plastic jugs in the woods. This evidence of Roussel's participating as a principal or an accomplice in tending 112 plants is sufficient to support the jury's finding of trafficking by growing or cultivating 100 or more marijuana plants.

[¶ 10] Roussel also contends that it was error for the court to admit evidence regarding the 224 plants in the grow operation at Farrar's home. Because that evidence was not objected to at trial, we only review admission of that evidence for obvious error affecting substantial rights. *See* M.R.Crim. P. 52(b); *State v. Kelly*, 2000 ME 107, ¶ 21, 752 A.2d 188, 192–93. It is difficult to see how allowing this evidence was obvious error affecting substantial rights. The jury convicted Roussel of a lesser alternative that did not involve the aggravating factor of criminal activity within 1000 feet of a school, which was one

2. Accomplice liability is addressed by 17-A M.R.S.A. § 57 (1983).

3. On direct examination, Farrar testified that Roussel had assisted with the 40 plants. On cross-examination, Farrar testified that Roussel had assisted with planting 20 of the 40 plants.

of the reasons the evidence was offered. Further, Roussel's trial counsel's examination of Farrar elicited the fact that Farrar was involved in a substantial grow operation at his residence. This evidence was less specific, but essentially similar to the evidence to which Roussel objects.

[¶ 11] In addition, the examination of Farrar by Roussel's counsel suggested that Farrar may have implicated Roussel more deeply in the residential marijuana growing operation in prior statements to the police that were not reflected in the statements Farrar made under oath at trial. Evidence is not rendered improper on the obvious error standard when that evidence is relevant to the offense charged but the defendant is not connected to that evidence due to unanticipated changes in evidence subsequently presented at trial.

[¶ 12] In the circumstances of this case as suggested, at least by implication, in Roussel's trial counsel's examination of Farrar, admission of the evidence regarding the grow operation at Farrar's home was not error, let alone obvious error.

[¶ 13] As his final point on appeal, Roussel raises the clerical error in the judgment and commitment form indicating that he was convicted of "aggravated" trafficking in a schedule Z drug. While not raised on appeal, review of the record demonstrates that this erroneous reference to a conviction for "aggravated" trafficking was repeated in the docket entries with an incorrect statutory citation. The effort to correct a clerical error is an inappropriate subject for an appeal unless an attempt to secure correction of the clerical error by invocation of M.R.Crim. P. 50 fails. M.R.Crim. P. 50 states:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter, while the appeal is pending may be so corrected with leave of the appellate court.

[¶ 14] In this case, it does not appear that Roussel made any effort to correct the mistaken reference to "aggravated" trafficking by a motion to correct a clerical error. The result of Roussel's choice to use the direct appeal method to correct that clerical error is that the clerical error has remained on the docket and part of Roussel's record for an extended and unnecessary period of time. Parties should avoid unnecessarily invoking the appeal process for matters that can be more appropriately resolved by a motion to the court to correct what, in this case, was an obvious clerical error.

The entry is:

Remanded to the Superior Court to correct the judgment and commitment form and the docket entries to properly reflect the crime for which Roussel was convicted. As corrected, judgment affirmed.