**STATE of Maine**

v.

**Darrell ROSS.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 3, 1991.
Decided June 5, 1991.

Neale T. Adams, Dist. Atty., John Pluto, Deputy Dist. Atty., Caribou, for plaintiff.

Mark S. Freme, Freme & Freme, Caribou, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Darrell Ross appeals from his conviction after a jury trial in the Superior Court (Aroostook County, *Pierson, J.*) on four counts of unlawful trafficking in scheduled drugs in violation of 17–A M.R.S.A. § 1103 (1983 & Supp.1990). He contends the evidence was insufficient for the jury to find that he was the "Darrell Ross" who sold the drugs to the state's confidential informant. We affirm.

Agents of the Bureau of Intergovernmental Drug Enforcement ("BIDE") arranged four controlled buys in Houlton in February 1990. On each occasion, a confidential informant, Shawn Cummings, would be searched, provided with a certain amount of money, and dropped off near the defendant's house. He would go to the house, buy drugs, and then meet the agents nearby, where he would again be searched and relieved of the drugs and the remaining money. He wore a "body wire" transmitter on each occasion, but the resulting transmissions were unintelligible and were not introduced in evidence.

It is undisputed that Cummings bought marijuana on two occasions, LSD on one occasion, and cocaine on one occasion. It is undisputed that each of the purchases took place at the defendant's house. None of the money provided to Cummings by BIDE was ever recovered. No other eyewitnesses to the transactions testified at trial. After each transaction, Cummings wrote out a statement, which was signed and notarized, detailing the transaction. Each such statement identified the location of the sale as "Darrell Ross's house" and identified the seller of the drugs as "Darrell Ross," and one of the statements related Cummings's extensive history of buying drugs from "Darrell Ross." There was evidence that the house where the transactions occurred had been deeded to the defendant by his father in 1984.

At trial, however, Cummings refused to identify the defendant, stating that the defendant Darrell Ross was "not the Darrell Ross I know"—i.e., the person who had sold him the drugs—although he admitted knowing the defendant. The State thereupon had him refresh his recollection with his earlier notarized statements. Cummings testified that on one occasion, "I asked for some cocaine and the guy told me he'd have to make a phone call and he made a phone call and he said he couldn't get it right then and to come back at 12:30 or 1:00." Cummings testified that he did not see "the guy" make the phone call but when he returned at 3:00 he got the cocaine.

Although the State tried to impeach Cummings with his earlier statements, the court ruled that the statements were not inconsistent with Cummings's trial testimony.

Mark Moody, a Border Patrol agent assigned to BIDE, testified that on the occasion when Cummings purchased cocaine, he observed Cummings, the defendant, and a woman whom he could not identify leave the house; the defendant and the woman got into a car and drove to a store nearby where the defendant used the pay phone on the side of the building. He then got back into the car and went back to his house. Cummings met with the BIDE agents and "explained what happened, that he made a phone call and nobody was there." Cummings returned to the house later and successfully purchased cocaine.

The court denied the defendant's motion for acquittal at the end of the State's case. The jury returned a guilty verdict on all four counts. The court denied the defendant's subsequent motion to set aside the verdict. Ross now appeals.

The only element in dispute in this case is the identity of the person who sold drugs to Shawn Cummings. Cummings testified that he bought drugs at the defendant Darrell Ross's house from someone whom he knew as "Darrell Ross" but who was not the defendant. However, there was strong circumstantial evidence that the "Darrell Ross" who sold the drugs to Cummings was the defendant. The defendant's brother, Daniel Ross, testified that he lived near the defendant, that he had seen Shawn Cummings at the defendant's house, and that he was not aware of any other Darrell Ross in the area. Officer Moody's testimony that he had observed the defendant come out of his house and make a call at the pay phone corroborated Cummings's description of the cocaine transaction and suggested strongly that the defendant was the "Darrell Ross" who was involved.

Under the circumstances, Cummings's suggestion that there was another, hitherto unknown, "Darrell Ross" from whom he had actually bought the drugs was a proper matter for the jury to decide to accept or reject on grounds of credibility. *See State v. Lovejoy*, 493 A.2d 1035, 1037–38 (Me. 1985). On the basis of the jury's evaluation of Cummings's suggestion that there was another "Darrell Ross," and on the basis of Officer Moody's testimony linking the defendant to one of the transactions, the evidence was sufficient to support a finding of guilty beyond a reasonable doubt. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.