**STATE of Maine**

v.

**Tammy MOGAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 3, 1993.

Decided July 1, 1993.

Janet Mills, Dist. Atty., David Fisher, Asst. Dist. Atty., Auburn, for the State.

William Maselli, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Tammy Mogan was convicted of selling marijuana to Officer Winston McGill, a special agent with the Bureau of Intergovernmental Drug Enforcement, in violation of 17–A M.R.S.A. § 1103 (Supp.1992). Mogan was charged with aggravated trafficking of marijuana, the aggravating factor being trafficking within 1,000 feet of a school. *See* 17–A M.R.S.A. § 1105(1)(E) (Supp. 1992). Because the State presented insufficient evidence that the conduct occurred within 1,000 feet of a school, however, the court granted Mogan's motion for a judgment of acquittal with regard to the aggravating factor.

At the close of the evidence, Mogan requested an instruction on possession of marijuana as a lesser included offense. The court denied the request. After a jury verdict, the Superior Court (Androscoggin County, *Delahanty, C.J.*) entered judgment and sentenced Mogan to 11 months imprisonment with all but 90 days suspended,

with a one-year term of probation. From that judgment she now appeals.

■ Mogan first argues that the court should have instructed the jury on the civil violation of possession of marijuana, 22 M.R.S.A. § 2383(1) (1992), as a lesser included offense of trafficking in marijuana. Lesser included offenses, however, are only those offenses that are criminal in nature. *See* 17–A M.R.S.A. § 4–B (Supp. 1992) and 17–A M.R.S.A. § 13–A(2)(A) (1983). It is clear that the Legislature intended possession of less than 1¼ ounces of marijuana to be classified as a civil rather than a criminal violation. 17–A M.R.S.A. § 1106(3)(A) (Supp.1992).

■ Mogan next argues that because the court entered a judgment of acquittal on the aggravating factor it was therefore compelled to enter a judgment of acquittal on the underlying offense. We disagree. An acquittal on an aggravating factor simply removes a portion of the charge from the purview of the jury. The defendant is provided with no less notice on the remaining part of the charge merely because the aggravating factor is removed. *See State v. Lindsey,* 413 A.2d 506, 508 (Me.1980).

The entry is:

Judgment affirmed.

All concurring.