1998 ME 23

**STATE of Maine**

v.

**George Michael DEERING.**

*Supreme Judicial Court of Maine.*

Submitted on Briefs Nov. 24, 1997.

Decided Jan. 29, 1998.

R. Christopher Almy, District Attorney, Gregory Campbell, Asst. Dist. Atty., C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Susan Bernstein Driscoll, Bernstein, Shur, Sawyer & Nelson, Portland (new counsel on appeal), for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1] George Michael Deering appeals from the judgment entered in the Superior Court (Penobscot County, *Mead, J.*) following a jury-waived trial at which he was found guilty of aggravated furnishing of a schedule Z drug in violation of 17–A M.R.S.A. § 1105 (1983 & Supp.1997).[1] On appeal Deering argues that because the trier of fact found that he possessed less than 1¼ ounces of marijuana, he cannot be convicted of aggravated furnishing as a matter of law. Alternatively, Deering contends that there was insufficient evidence for the trier of fact to find that he possessed marijuana. We affirm the judgment.

I.

[¶ 2] The record reflects that the trier of fact could have found the following. At about 11:30 p.m. on May 12, 1994, Officer Garry Higgins of the Bangor Police Department arrested Deering for violating a condition of release. While conducting a patdown search of Deering to check for needles and weapons, Higgins found three empty plastic baggies in Deering's pant pocket, an "amount of cash" in another pocket, and felt what he believed to be a set of keys, a wallet, and personal hygiene items. Higgins handcuffed Deering, placed him in the back of his police cruiser, and called for a backup officer.

[¶ 3] After backup officer Keith Mercier arrived, Higgins conducted a search of the car's hidden compartment located behind the dash panel, which Higgins had previously learned about from several individuals in the community. Inside the hidden compartment Higgins found two baggies of marijuana with a total weight of 19 grams, or about 2/3 of an ounce. While Higgins was searching the compartment, Officer Mercier observed that Deering began to "jump up and down in his seat," causing the cruiser to bounce. Upon closer inspection Mercier saw Deering leaning into the seat with his back arched, as if trying to get rid of something in his pockets. Mercier and Higgins opened the cruiser's door and saw a set of hand-held scales commonly used to weigh marijuana on the floor by Deering's feet. The scales had not been on the floor when Higgins inspected the cruiser before starting his shift.

[¶ 4] After removing Deering from the cruiser, Mercier searched him and found a small notepad containing names with numbers written beside each name and a package of "zigzag" rolling papers commonly used for rolling marijuana cigarettes. Mercier and Higgins counted the money found in Deering's front pocket and in his wallet, which totalled $183 and $1,030, respectively. Higgins checked the insurance and registration documents he had found in the car and confirmed that the car belonged to Deering. Deering was arrested on drug charges,[2] and

1. 17–A M.R.S.A. § 1105 (1983 & Supp.1997) provides in pertinent part:
  Aggravated trafficking or furnishing of scheduled drugs
  1. A person is guilty of aggravated trafficking or furnishing scheduled drugs if:
  . . .
  B. The person violates section 1103, 1104 or 1106, and, at the time of the offense, the person has been convicted of any offense under this chapter punishable by a term of imprisonment of more than one year....
  17–A M.R.S.A. § 1106 (1983 & Supp.1997) provides in pertinent part:
  Unlawfully furnishing scheduled drugs
  1. A person is guilty of unlawfully furnishing scheduled drugs if he intentionally or knowingly furnishes what he knows or believes to be a scheduled drug, and which is, in fact, a sched-

uled drug, unless the conduct which constitutes such furnishing is either:
  A. Expressly authorized by Title 22 or Title 32; or
  B. Expressly made a civil violation by Title 22.
  . . .
3. A person is presumed to be unlawfully furnishing scheduled drugs if the person intentionally or knowingly possesses a scheduled drug that is, in fact:
  A. More than 1¼ ounces of marijuana; ...

2. Deering was originally indicted on four counts. Counts I and II charged aggravated trafficking in violation of 17–A M.R.S.A. § 1105; Count III charged aggravated furnishing in violation of 17–A M.R.S.A. § 1105; and Count IV charged Deering with violating a condition of release in viola-

his car was taken into police custody. The following day a narcotics detection. dog sniffed Deering's impounded vehicle and the money that had been seized from him, and detected the odor of marijuana on both.

[¶ 5] Witnesses at the trial included Vincent Brooks and James Cough, both friends of Deering. When called by the State, Brooks denied ever having purchased marijuana from Deering, but admitted that he owed Deering money from an earlier loan not related to drugs. Higgins was permitted to testify for impeachment purposes, however, that Brooks had told him that he had purchased marijuana from Deering. When called by Deering, Cough testified that he often drove Deering's car, that he had put the marijuana in the hidden compartment on May 11 (the day before Deering's arrest), and that Deering had been unaware of the marijuana.

[¶ 6] The court found Deering guilty of aggravated furnishing of a schedule Z drug in violation of 17–A M.R.S.A. § 1105, and sentenced him to three years of imprisonment. This appeal followed.

## II.

■ [¶ 7] Deering first argues that, in the absence of an actual transfer of marijuana, one must have possessed at least 1¼ ounces of marijuana to be convicted of aggravated furnishing pursuant to 17–A M.R.S.A. § 1105. To support his position, Deering relies on two statutory provisions, 17–A M.R.S.A. § 1106 and 22 M.R.S.A. § 2383. Section 1106 of Title 17–A, entitled "Unlawfully furnishing scheduled drugs," provides in pertinent part:

> 1. A person is guilty of unlawfully furnishing scheduled drugs if he intentionally or knowingly furnishes what he knows or

believes to be a scheduled drug, and which is, in fact, a scheduled drug, unless the conduct which constitutes such furnishing is either:

> (A) Expressly authorized by Title 22 or Title 32; or
>
> (B) Expressly made a civil violation by Title 22.
>
> · · ·
>
> 3. A person is presumed to be unlawfully furnishing scheduled drugs if the person intentionally or knowingly possesses a scheduled drug that is, in fact:
>
> (A) More than 1¼ ounces of marijuana;
>
> · · ·

Section 2383 of Title 22, entitled "Possession," provides in pertinent part:

> 1. Marijuana. Possession of a usable amount of marijuana is a civil violation. . . .

Deering contends that section 1106 applies only if a defendant possesses at least 1¼ ounces of marijuana; that possession of any amount less than 1¼ ounces is always a civil infraction pursuant to section 2383, and is punishable only by section 2383's civil penalties; and that civil liability pursuant to section 2383 exempts a defendant from criminal liability pursuant to section 1106(1)(B).

[¶ 8] Contrary to Deering's contention, there is nothing in section 1106 requiring a defendant to possess a minimum amount of marijuana to be guilty of furnishing. Section 1106(3) simply establishes a *presumption* of furnishing, which is defined in pertinent part as possession with intent to transfer,[3] if a defendant possesses at least 1¼ ounces of marijuana. Thus, section 1106(3) eases the State's burden of establishing the *intent element* of the crime of possession with intent to transfer in those cases where the defen-

---

tion of 15 M.R.S.A. § 1092 (Supp.1997). The parties stipulated as to the existence of an aggravating factor. Counts II and IV were dismissed by the State before trial, and the court granted Deering's motion for a judgment of acquittal on Count I. Thus, Deering only appeals from the conviction on Count III.

3. Section 1101(18) defines "furnishing" as:
   A. To furnish, give, dispense, administer, prescribe, deliver or otherwise transfer to another;

B. To possess with the intent to do any act mentioned in paragraph A.

17–A M.R.S.A. § 1101(18) (emphasis added). In this case, the State did not allege that Deering actually transferred marijuana within the meaning of paragraph A. Rather, the State alleged that Deering's conduct was encompassed by paragraph B, "possession with intent to transfer."

dant possessed the specified minimum amount;[4] it does not define the crime. *Cf. State v. Peakes,* 440 A.2d 350, 354 (Me.1982) (stating that, where trafficking statute set forth presumption that person who intentionally or knowingly possesses more than two pounds of marijuana is guilty of unlawful trafficking, "[p]ossession of more than two pounds of marijuana is not a necessary element of the crime of trafficking; it is a means by which the crime may be proved.")

[¶ 9] In *State v. Mogan,* 627 A.2d 527 (Me. 1993), we stated that "[i]t is clear that the Legislature intended possession of less than 1¼ ounces of marijuana to be classified as a civil rather than a criminal violation." *Id.* at 528. Although Deering relies upon this language to support his argument that criminal furnishing requires the possession of at least 1¼ ounces of marijuana, he overlooks a critical distinction. *Mogan* states that "possession" was intended to be a civil violation; it did not state that "possession with intent to transfer," the crime with which Deering was charged, is a civil violation. Deering's reliance on *Mogan* is misplaced.

[¶ 10] Moreover, contrary to Deering's contention, his criminal liability pursuant to section 1106 is not precluded by section 2383's civil sanctions. Section 1106 exempts a defendant from criminal liability for furnishing if "the conduct which constitutes such furnishing is ... [e]xpressly authorized by Title 22 or Title 32; or ... [is] expressly made a civil violation by Title 22." In this case, the "conduct which constitutes such furnishing" is *possession with intent to transfer. See* 17-A M.R.S.A. § 1101(18)(B); note 3 *supra.* Section 2383's civil violation, however, pertains merely to *possession. See* 22 M.R.S.A. § 2383. Because possession with intent to transfer is not a type of conduct that is expressly made a civil violation

by Title 22, Deering is not exempt from prosecution pursuant to section 1106(1)(B).

### III.

[¶ 11] Deering contends that even if a defendant may be convicted of aggravated furnishing pursuant to section 1105 if he possessed less than 1¼ ounces of marijuana, there was insufficient evidence for the trier of fact to find such possession. Specifically, Deering argues that the mere fact that the marijuana was found in a car owned and driven by him is not sufficient to establish beyond a reasonable doubt that he "possessed" the marijuana within the meaning of sections 1105 and 1101(18)(B), especially in light of testimony that other people drove his car and knew of the hidden compartment.

[¶ 12] The applicable standard when examining the sufficiency of the evidence is "whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Deering,* 611 A.2d 972, 975 (Me.1992) (quoting *State v. Barry,* 495 A.2d 825, 826 (Me.1985)). The element of "possession" is sufficiently proved "if it can be established beyond a reasonable doubt that the drugs involved were subject to [the defendant's] dominion and control." *State v. Ellis,* 502 A.2d 1037, 1040 (Me.1985) (quoting *State v. Gellers,* 282 A.2d 173, 178 (Me.1971), *cert denied,* 406 U.S. 949, 92 S.Ct. 2047, 32 L.Ed.2d 337 (1972)).

[¶ 13] Notwithstanding testimony about other people's access to the car and knowledge of the compartment, there was adequate circumstantial evidence for the factfinder rationally to find that it was Deering who exercised dominion and control over the marijuana. A conviction based on circumstantial evidence is not, for that reason, any

---

4. Presumptions in criminal cases are governed by M.R. Evid. 303, which provides in pertinent part:

   (c) **Instructing the Jury.** Whenever the existence of a presumed fact against the accused is submitted to the jury, the court in instructing the jury should avoid charging in terms of a presumption. The charge shall include an instruction to the effect that the jurors have a

right to draw reasonable inferences from facts proved beyond a reasonable doubt and may convict the accused in reliance upon an inference of fact if they conclude that such inference is valid and if the inference convinces them of guilt beyond a reasonable doubt and not otherwise.

M.R. Evid. 303(c); *see, e.g., State v. Liberty,* 478 A.2d 1112, 1116–17 (Me.1984).

less conclusive. *See State v. Poulin,* 1997 ME 160, ¶ 15, 697 A.2d 1276, 1280. A factfinder may draw all reasonable inferences from the circumstantial evidence, and it is not necessary for the factfinder to "eliminate any possible alternative explanation of the evidence; the question is whether such alternative is sufficiently credible in light of the entire record that it necessarily raises a reasonable doubt." *Id.*

[¶ 14]In this case, there was uncontroverted evidence that Deering had on his person the following items: empty plastic baggies, which Officer Higgins testified are commonly used for packaging marijuana; large sums of money on which the drug dog detected the odor of marijuana; rolling papers, which Higgins testified are commonly used for making marijuana cigarettes; and a small notebook containing a ledger of names and corresponding numbers, which Higgins testified is commonly used by drug sellers to record transactions. The factfinder also rationally could have inferred that the handheld scale found on the floor of the police cruiser belonged to Deering, and that such a scale is commonly used to weigh marijuana for sale, as Officer Higgins testified. On the basis of this circumstantial evidence, the trier of fact rationally could have found that Deering exercised dominion and control over the marijuana that was discovered in his car.

■ [¶ 15]Finally, Deering contends that the court erred in disregarding James Cough's uncontroverted testimony regarding his placement of the marijuana in the hidden compartment, and that Cough's testimony was sufficient to raise a reasonable doubt about whether Deering possessed the marijuana. The trier of fact is free to weigh the credibility of witnesses, and may disregard a witness's testimony entirely if it finds that witness to be incredible. *See State v. Ross,* 591 A.2d 1308, 1310 (Me.1991). In this case, the court found Cough's testimony to be wholly incredible based on its firsthand observations of his demeanor and affect, and was under no obligation to accept Cough's assertion that it was he who put the marijuana in the compartment. *See id.*

The entry is:

Judgment affirmed.

