1998 ME 220

**STATE of Maine**

v.

**Brett MORRISON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 2, 1998.

Decided Oct. 1, 1998.

Andrew Ketterer, Attorney General, Donald W. Macomber, Asst. Atty. Gen., Kathleen Roberts, Asst. Atty. Gen., Augusta, ME, for State.

Kevin R. Heffernan, Portland, ME, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, and DANA, JJ.

WATHEN, C.J.

[¶ 1] Defendant Brett Morrison appeals from judgments entered in the Superior Court (Cumberland County, *Atwood, J.*) on a jury verdict convicting him of theft by deception (17–A M.R.S.A. § 354(1) & 362(2)(A) (1983)) and forgery (17–A M.R.S.A. § 703(1)(A) & (2)(A) (1983 & Supp.1997)). On appeal, defendant argues that the court (*Saufley, J.*) abused its discretion when it denied his pretrial request for court-appointed counsel and when it found that he had waived his right to counsel. Defendant also contends that there was insufficient evidence to convict him of forgery. Finding no error, we affirm the judgments.

[¶ 2] Defendant was indicted for theft by deception and forgery, and filed a motion for appointment of counsel, accompanied by a financial affidavit. In his affidavit, he claimed an approximate annual income of $40,000 and personal property valued in excess of $15,000. The court denied his motion and continued his arraignment for four days to permit him to retain counsel. Defendant was arraigned as scheduled and retained counsel for arraignment only. The court on subsequent occasions continued the case for trial in order to permit him to retain counsel. Despite his earlier representations to the court, defendant was still without counsel on the day of trial. The court fully advised him of his right to counsel prior to trial and on the day of trial. Although defendant described his unsuccessful efforts to hire a number of counsel who demanded large retainers, even when asked, he did not suggest that his financial affidavit was in error. The court explicitly found that his actions and statements demonstrated a waiver of his

right to counsel. After a trial in which he represented himself, defendant was convicted on both counts. Prior to sentencing, defendant again requested the appointment of counsel and for the first time, revealed in a corrected financial affidavit that he had no annual income. The court appointed counsel for defendant and thereafter sentenced him. This appeal followed.

[¶ 3] Defendant initially contends that the court abused its discretion in refusing to appoint counsel for trial. We disagree. Defendant's initial financial affidavit claimed sufficient assets to allow the court to determine that he had the means to employ counsel. *See* M.R.Crim.P. 44.

[¶ 4] Defendant also argues that the court erred in finding that he knowingly and intelligently waived his right to counsel. It is his burden to persuade us that the court's factual finding of a knowing and intelligent waiver was clearly erroneous. *See State v. Morrison*, 567 A.2d 1350, 1351 (Me. 1990). The right of a criminal defendant to the assistance of counsel "cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair, efficient and effective administration of justice." *State v. Ayers*, 464 A.2d 963, 966 (Me.1983). Once it is determined that the defendant has the means to retain counsel, his seemingly stubborn failure to hire an attorney may constitute a knowing and intelligent waiver. Based on the facts defendant presented, the court did not err in finding such a waiver.

[¶ 5] Finally, defendant argues that the evidence was insufficient to convict him of forgery. Contrary to his contention, the evidence was sufficient to allow a jury rationally to find beyond a reasonable doubt that defendant committed each of the elements of forgery. *See State v. Deering*, 1998 ME 23, ¶ 12, 706 A.2d 582, 585.

The entry is:

Judgments affirmed.