ENTERED NOV 0 4 2014

STATE OF MAINE

Sagadahoc, ss.

UNIFIED CRIMINAL DOCKET

SAGCD-AMH-09-09-14

STATE OF MAINE

v.

Docket No. SAGCD-CR-14-0312

GERALD KENNEDY

Defendant

## ORDER ON DEFENDANT'S MOTION TO STRIKE PRIOR CONVICTION

Defendant Gerald Kennedy's Motion To Strike Prior Conviction came before the court for a non-testimonial hearing August 20, 2014.

In this case, the Defendant is charged with three criminal offenses, including a Class C Operating Under the Influence (OUI) charge, 29-A M.R.S. § 2411(1-A)(B)(2), enhanced to a felony by virtue of two alleged prior OUI convictions—a September 2013 conviction in the Cumberland County Unified Criminal Docket case assigned No. CUMCD-CR-13-4639, and the other a 2007 conviction in the West Bath District Court, Docket No. WESDC-CR-07-1964. Defendant's motion seeks to strike from the indictment the 2013 conviction on the ground that it was the result of an uncounseled guilty plea obtained in violation of the Defendant's Sixth Amendment right to counsel. Defendant's motion does not seek to strike the 2007 conviction.

At the August 20, 2014 hearing, both parties offered exhibits that were admitted into evidence, consisting audio recordings of Defendant's arraignment (State's Ex. 1) and guilty plea (Defendant's Ex. 1) in the CUMCD-CR-13-4639 case. In addition, the State requested, and the court agreed, that the court would take judicial notice of its own docket and procedures as follows:

- in the WESDC-CR-07-1964 case, Defendant was represented by counsel when he pleaded guilty to the same type of OUI charge involved in the CUMCD-CR-13-4639

1

conviction. A copy of the plea colloquy in that case is in the court's file as a court exhibit.

- in the CUMCD-CR-13-4639 case, the court's standard arraignment video recording was presented to Defendant and others on the date of Defendant's arraignment. A copy of the arraignment video is in the court file as a court exhibit.

Based on the entire record, the Defendant's Motion To Strike Prior Conviction is denied.

## Background

In the case at issue, CUMCD-CR-13-4639, Defendant Gerald Kennedy appeared at the West Bath District Court for arraignment on the OUI charge and other charges. As of the date of Defendant's arraignment in CUMCD-CR-13-4639, the West Bath District Court's practice was to present a video recording to all persons appearing for arraignment. The video recording includes a comprehensive explanation by Justice Robert Murray of the rights of an accused, including the right to counsel at all stages of a case. The video also includes an explanation of the maximum sentences on the classes of criminal offense, including Class D offenses such as the misdemeanor OUI charge on which Defendant was later convicted.

The court's practice also was (and is) to arrange for a "lawyer of the day" to attend arraignment sessions for the purpose of advising unrepresented defendants about their rights and their options in handling their cases, and also to facilitate resolution of cases that can be resolved by agreement at arraignment.

According to the recording of Defendant's arraignment admitted as State's Exhibit 1, the presiding judge called the Defendant's case and advised him of the specifics of the OUI charge and operating beyond license restriction charges, and the minimum mandatory sentence for the OUI charge. The Defendant indicated he understood the charge. The judge then asked the Defendant if he had "any questions about the rights that were explained earlier" and the

2

Defendant said he did not. The judge advised the Defendant that he was eligible to apply for a court-appointed attorney, and requested the Defendant to speak with the lawyer of the day. The Defendant declined, saying, "I am going to hire [a] lawyer." The judge endorsed the Defendant's plan, and that concluded the arraignment.

After the case was transferred to the Cumberland County court pursuant to the Unified Criminal Docket procedure, Defendant entered an uncounseled guilty plea to the OUI charge.

According to the recording of the plea admitted as Defendant's Exhibit 1, the colloquy at the time of the plea was limited to the presiding judge explaining the charge and asking how the Defendant wished to plead. There was no reminder of the Defendant's right to counsel, including court-appointed counsel, and no inquiry about whether the Defendant wished to proceed without counsel or waive his right to counsel. No written waiver of the right to counsel was signed. The sentence imposed was for 10 days in jail, a $700 fine and a 3-year license suspension, with a stay of the jail sentence and a fine payment order.

*Discussion*

The sole issue presented by Defendant's Motion To Strike Prior Conviction is whether Defendant's conviction in CUMCD-CR-13-4639 was obtained in violation of his Sixth Amendment right to counsel or was the result of a valid waiver of the right. This is because "a defendant whose criminal charge or sentence is subject to enhancement because of a prior conviction may not, in the current prosecution, collaterally attack the prior conviction by seeking to strike the prior conviction based upon a claim other than the deprivation of the right to counsel." *State v. Johnson*, 2012 ME 39, ¶23, 38 A.3d 1270, 1278.

This limitation on the scope of a permissible collateral attack disposes of some of the points raised in the Defendant's Motion to Strike, namely that, at the plea stage, '[n]o inquiry was made regarding the elements of the crime or the maximum penalties of the offense."

3

Defendant's Motion To Strike Prior Conviction at 4. Such arguments go to the validity of the Defendant's plea as opposed to whether he validly waived his right to counsel.

The Sixth Amendment guarantees the right to counsel at every critical stage of the criminal process, including the plea stage. *State v. Watson,* 2006 ME 80, ¶ 17, 900 A.2d 702, *citing Iowa v. Tovar,* 541 U.S. 77, 87, 124 S. Ct. 1379, 158 L. Ed. 2d 209 (2004). The right to counsel afforded by the Maine Constitution is coextensive with that of the Sixth Amendment. *Id.,* 2006 ME 80 at ¶ 14, 900 A.2d 702; *State v. Gallant,* 595 A.2d 413, 416 (Me.1991).

Like any other constitutional right, however, the Sixth Amendment right to counsel may be waived by words and sometimes by conduct. An express waiver of the right to counsel is not required—a valid waiver can be inferred from conduct. *See State v. Watson,* 2006 ME 80, ¶27, 900 A.2d 702, 712 ("As with the right to jury trial, the right to counsel may be waived by a defendant's inaction.") *See also State v. Morrison,* 1998 ME 220, ¶4, 723 A.2d 869, 870.

On the other hand, the Constitution requires "that any waiver of the right to counsel be knowing, voluntary, and intelligent." *Iowa v. Tovar,* 541 U.S. at 88, 124 S. Ct. 1379, *citing Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). "{A} waiver of counsel [is] intelligent when the defendant 'knows what he is doing and his choice is made with eyes open.'" *Iowa v. Tovar,* 541 U.S. at 88, 124 S. Ct. 1379, *quoting Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S. Ct. 236, 87 L. Ed. 268 (1942). ""[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz,* 536 U.S. 622, 629, 122 S. Ct. 2450, 153 L.Ed.2d 586 (2002) (emphasis in original).

Thus, a waiver of the right to counsel through inaction, as in the *Watson* and *Morrison* cases, may be inferred only when the Defendant understands the nature of the right and

nonetheless fails, without justification, to take the steps required to exercise it, such as retaining counsel or applying for court-appointed counsel.

"Whether an accused has properly waived his right to counsel must be determined by the trial court based on the particular facts and circumstances of each case." *State v. Walls*, 501 A.2d 803, 805 (Me.1985), *citing Johnson v. Zerbst*, 304 U.S at 464, 58 S. Ct. at 1023 ("The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.")

In defining the requisites of a valid waiver of the right to counsel, the courts have differentiated between the plea stage and the trial stage of a criminal case: "At the plea stage, less rigorous '[w]arnings of the pitfalls' of proceeding without counsel are required than at the trial stage and 'a less searching or formal colloquy may suffice.'" *State v. Watson*, 2006 ME 80 at ¶ 18, 900 A.2d at 709, *quoting Iowa v. Tovar*, 541 U.S. at 89, 124 S. Ct. 1379.

The burden of persuasion on whether there has been a valid waiver of the right to counsel is different on a direct appeal than when the issue is raised in a collateral attack on a prior conviction. "In a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to counsel." *Iowa v. Tovar*, 541 U.S. at 92, 124 S. Ct. 1379.

With the foregoing legal framework in mind, the analysis turns to the facts of record.

The record evidence leaves no doubt that the Defendant was fully aware that he had a right to counsel at all stages of the case, including the plea stage:

- he had pleaded guilty to an identical charge in the WESDC-CR-07-1964 case and was represented by counsel at the time of the plea. *See Johnson v. Zerbst*, 304 U.S at 464, 58 S. Ct. at 1023 (experience and background of the defendant is relevant to validity of waiver).

5

- he confirmed in the arraignment colloquy that he understood the rights explained on the arraignment video, including the right to counsel at every stage of the case and the right to court-appointed counsel in some instances

- the arraignment judge advised him of his right to apply for court-appointed counsel

- the arraignment judge encouraged the Defendant to confer with the lawyer of the day

- the Defendant advised the arraignment judge that he planned to retain counsel

It is significant that Defendant Kennedy does not allege that he was in fact unaware of his right to counsel. Indeed, for someone who has said he intends to retain counsel to defend himself to claim later that he did not know he had a right to do so would be absurd.

The Defendant also does not contend that he would not have pleaded guilty if he had been represented by counsel or that he would have acquitted had the charges gone to trial. *See State v. Johnson*, 2012 ME 39 at ¶ 16, 38 A.3d at 1276 ("No less important is what Johnson does not assert. He does not contend that he would not have pleaded guilty if he had been more fully informed of his rights, or that he would have been acquitted had he elected to exercise his right to a trial.")

It is also significant that the record is silent on why the Defendant did not follow through on his stated plan to retain an attorney for his defense. He has not alleged that he was unable to retain counsel for financial or any other reasons. In the absence of an alternative explanation for why, after stating his intention to retain an attorney, he appeared without counsel and pleaded guilty, it seems logical to infer that his entry of an uncounseled plea was a voluntary choice.

Defendant Kennedy's claim thus boils down to the argument that, even though he plainly knew he had a right to counsel, he should have been asked at the time of his plea whether he wished to waive his right to counsel. The Maine Rules of Criminal Procedure do

6

not specify the elements of the plea inquiry for Class D crimes, *see* M.R. Crim. P. 11(g), so the limited colloquy at the time of Defendant's plea does not violate the rule.

At least in hindsight, an express inquiry into whether Defendant Kennedy was waiving his right to counsel would have been preferable, but the question at hand is whether an explicit inquiry and waiver are constitutionally mandated. Presumably, they are not—otherwise Rule 11(g) of the Maine Rules of Criminal Procedure would require such inquiry in any plea to a Class D crime, as does Rule 11(b)(4) with respect to Class C and higher offenses. Moreover, in *Watson* and *Morrison*, the Law Court affirmed that an express waiver is not required, indicating in *Morrison* that a knowing, intelligent and voluntary waiver of the right to counsel may be inferred from conduct, including an unexplained failure to follow through on a stated plan to retain counsel.

On these facts, this court's answer is that the Defendant has not met his burden. As noted initially, the issue here is not whether the Defendant entered a knowing and intelligent plea. The sole issue here is whether the Defendant has proved that he did not knowingly, intelligently and voluntarily waive his right to be represented by counsel at the time of his plea. A defendant who was informed of his right to counsel, who indicated at arraignment that he planned to retain counsel to represent him, who does not contend that he was unable to retain counsel, and who later appeared without counsel and pleaded guilty has not proved he was acting involuntarily and unknowingly in proceeding without an attorney.[1] Admittedly, were the burden on the State, the outcome could well have been otherwise.

---

[1] At oral argument the Defendant provided the court with copies of two trial court decisions that provide some support for the Defendant's position, but that this court views as distinguishable for different reasons. In *State v. Spiegel*, the Hancock County Superior Court granted the defendant's motion to strike prior convictions because the court at the time of the defendant's prior plea failed to explain the applicable minimum and maximum sentences. Order, *State v. Spiegel*, Me. Super. Ct., Han. Cty., No. ELLSC-CR-11-42 (Oct. 31, 2012). The decision interpreted *Iowa v. Tovar* as requiring that this information be provided "at the plea stage." *See* Order at 4. This court does not read *Iowa v. Tovar* to impose that requirement— only that the defendant be provided with that information prior to entering a plea. M.R. Crim.

All of the facts of record—Defendant's prior experience entering a counseled plea to the same type of charge; the information about the right to counsel and court-appointed counsel provided at arraignment; his affirmation that he understood his rights; his stated plan to retain counsel, his unexplained decision to enter his plea without an attorney—all combine to support the inference of a waiver by choice or through inaction: that Defendant knew he had the right to an attorney and simply decided to enter his plea without having an attorney with him. *See State v. Watson*, 2006 ME 80 at ¶27, 900 A.2d at 712; *State v. Morrison*, 1998 ME 220 at ¶4, 723 A.2d at 870.

Only if every waiver of the right to counsel on misdemeanor criminal charges must be an explicitly stated waiver could Defendant be said to have met his burden, and such has not been the law in Maine.

For these reasons, Defendant's Motion to Strike Prior Conviction is denied.

Dated September 9, 2014

A. M. Horton, Justice
Sagadahoc Unified Criminal Docket

---

P. 5 requires that information to be provided at arraignment or initial appearance, and in this case, it was provided. A reminder of previously provided information at the time of plea was not required, either by M.R. Crim. P. 11 or by the Constitution. Also, as noted above, the absence of an adequate explanation of the elements or applicable minimum and maximum penalties goes to whether there was a knowing and intelligent plea—a different issue than whether a defendant knowingly and intelligently gave up the right to be represented by an attorney.

The Belfast District Court decision also relied on Defendant Kennedy involves a Defendant whose name is redacted in the court's copy. *State v. _____*, Me. Dist. Ct., No. BELDC-CR-10-559. That decision involved a defendant who claimed she did not understand she had a right to an attorney at any time and a record that lacked any transcript of the arraignment or plea, and is distinguishable on those grounds.