2008 ME 182

**STATE of Maine**

v.

**Brian DUNBAR.**

Supreme Judicial Court of Maine.

Argued: Oct. 29, 2008.
Decided: Dec. 9, 2008.

Michael E. Povich, District Attorney, Carletta M. Bassano, Deputy District Attorney, Mary Kellett, Assistant District Attorney, Ellsworth, ME, for the State.

Neil L. Fishman, Esq. (orally), Yarmouth, ME, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] Brian Dunbar appeals from a judgment entered in the Superior Court (Hancock County, *Hjelm, J.*) upon a jury verdict finding him guilty of operating a motor vehicle after a habitual offender revocation (Class C), 29–A M.R.S. § 2557(2)(B) (2005),[1] and from the four-year prison sentence imposed. Dunbar argues that the court erred by (1) denying his trial counsel's motion to withdraw and his request to continue the trial; (2) allowing the prosecution to impeach him using four prior theft convictions; and (3) imposing a four-year prison sentence. Finding no error, we affirm the judgment of the Superior Court.

## I. CASE HISTORY

[¶ 2] In August 2005, Dunbar was indicted for operating a motor vehicle after

---

1. Title 29–A M.R.S. § 2557 was repealed and replaced by P.L. 2005, ch. 606, §§ A–10, A–11 (effective Aug. 23, 2006) (codified at 29–A M.R.S. § 2557–A (2007)).

his license had been revoked and notice of the revocation had been given, 29–A M.R.S. § 2557(1) (2005), which, pursuant to 29–A M.R.S. § 2557(2)(B), was elevated to a Class C crime because of a prior operating after revocation conviction. By February 2007, due to a crowded court docket, several continuances, and one change of counsel, Dunbar had not yet gone to trial. At this point, Dunbar's retained counsel filed a motion to withdraw because of "a difference of opinion on how to handle this case" and "[ ] financial considerations." The court denied this motion, citing the "age of [the] case" and the number of times it had been continued and not reached.[2] Shortly thereafter, trial was scheduled for March 2007.

[¶ 3] After the motion to withdraw was denied, Dunbar filed a letter with the court outlining his complaints about his retained counsel. Then, one week before the trial date, Dunbar's counsel filed a motion to reconsider his request to withdraw. The court addressed the motion at jury selection, and stated that Dunbar was free to retain the counsel of his choice. However, the court also noted that Dunbar believed that it would take him at least forty-five days to raise the money necessary to retain the new attorney he had selected. Granting the forty-five day continuance would move the case from the March trial list to the July list, thus delaying the case for at least four months. Therefore, the court concluded:

> This is a 2005 case, and I have declined to grant a motion to have that additional delay. So as far as I'm concerned, any attorney can show up next week and try the case, but I'm not going to grant the

motion if, as Mr. Dunbar explained, it would result in a delay of trial.

Dunbar did not retain new counsel prior to trial.

[¶ 4] After the jury returned a verdict of guilty, the court sentenced Dunbar to serve four years and to pay a $1000 fine. Dunbar appealed from his conviction. He also filed an application to appeal from the sentence, which the Sentence Review Panel granted, SRP–07–550.[3]

## II. LEGAL ANALYSIS

### A. Motion to Withdraw

■ [¶ 5] We review a trial court's decision to deny a defendant's motion for withdrawal of counsel and request for a continuance to replace counsel for an abuse of discretion. *State v. Brown,* 2000 ME 25, ¶ 17, 757 A.2d 768, 772.

■ [¶ 6] A decision denying a motion to withdraw and a continuance sought to replace counsel implicates the Sixth Amendment right to counsel of choice. *See State v. Ayers,* 464 A.2d 963, 967 (Me. 1983). The Sixth Amendment confers on non-indigent criminal defendants the right to select their counsel and to receive a fair opportunity to obtain such counsel. *United States v. Gonzalez–Lopez,* 548 U.S. 140, 144, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006); *see Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). This right permits the accused to "be defended by the counsel he believes to be best," *Gonzalez–Lopez,* 548 U.S. at 146, 126 S.Ct. 2557, and derives from a defendant's right to decide the type of case

---

**2.** Pursuant to M.R.Crim. P. 44B, withdrawal of counsel, without notice of appearance of new counsel, requires court approval, and an order relieving counsel is not effective unless new counsel appears or a defendant waives the right to counsel.

**3.** The procedure for petitioning to appeal the propriety of a sentence is addressed in M.R.App. P. 20.

he would like to present, *United States v. Mendoza–Salgado,* 964 F.2d 993, 1014 (10th Cir.1992).

▆▆▆ [¶ 7] However, while a defendant who can afford to retain counsel of his own choosing must not be deprived of a fair opportunity to do so, a defendant's right to retain counsel of choice is not absolute. *See Ayers,* 464 A.2d at 966; *see also United States v. Garey,* 540 F.3d 1253, 1263 (11th Cir.2008). Trial courts are granted wide latitude in balancing this right against "the fair, efficient and effective administration of justice." *See Ayers,* 464 A.2d at 966. The difficult task of assembling witnesses, lawyers, and jurors for trial permits a trial judge to refuse to grant continuances except for compelling reasons. *See Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Therefore, a trial court does not necessarily violate a defendant's Sixth Amendment right to counsel of choice by making scheduling decisions that prevent the defendant from being represented by his first choice of counsel. *Gonzalez–Lopez,* 548 U.S. at 152, 126 S.Ct. 2557. A defendant's right to counsel of choice will be violated only by "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Ayers,* 464 A.2d at 967 (quotation marks omitted).

[¶ 8] No such unreasoning and arbitrary insistence occurred in this case. The court made clear that if Dunbar had counsel who was willing and prepared to represent him at the scheduled trial, it would have granted the motion to withdraw. Because Dunbar was originally indicted in August 2005, however, and had not yet been tried by early 2007, the court refused to postpone the trial further to permit Dunbar to retain new counsel. In doing so, the court made an appropriate decision to protect the integrity of the judicial process and assure that cases are not unrea-

sonably delayed. By refusing to grant a continuance, the court did not deny Dunbar a fair opportunity to retain counsel of choice and did not commit an abuse of discretion.

## B. Use of Prior Convictions

▆▆▆ [¶ 9] Dunbar raises two other arguments on appeal. Dunbar argues that the trial court erred by allowing the prosecution to impeach him using four prior theft convictions. Contrary to Dunbar's contentions, theft is a specific crime, is probative of veracity, and is admissible for impeachment pursuant to M.R. Evid. 609. *See State v. Wright,* 662 A.2d 198, 201 (Me.1995). Because Dunbar did not preserve an objection to the admission of his prior convictions, we review the trial court's decision under an obvious error standard. *See State v. Snow,* 2007 ME 26, ¶ 11, 916 A.2d 957, 961. The trial court did not commit obvious error in concluding that the probative value of the four prior theft convictions outweighed any prejudice to Dunbar. *See State v. Gray,* 2000 ME 145, ¶ 24, 755 A.2d 540, 545.

## C. Four–Year Sentence

▆▆▆ [¶ 10] Dunbar argues that imposing a four-year prison sentence was excessive. We review the basic sentence de novo for misapplication of principle, and review the use of aggravating and mitigating factors for an abuse of discretion. *State v. Cookson,* 2003 ME 136, ¶ 38, 837 A.2d 101, 112. We discern no misapplication of principle in setting the basic sentence at one year. In addition, the court did not abuse its discretion in concluding that Dunbar testified falsely, despite corroborating testimony, and in using this as an aggravating factor, *see State v. Grindle,* 2008 ME 38, ¶¶ 18, 26, 942 A.2d 673, 678, 679–80; *State v. Plante,* 417 A.2d 991, 995–96 (Me.1980), nor in the way in which it

weighed the aggravating and mitigating factors, including Dunbar's prior record of convictions.

The entry is:

Judgment and sentence affirmed.