STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss                                Nos. CR-19-141
                                                   CR-16-2622

STATE OF MAINE

v.                                            ORDER

IYASSU SMALL,

            Defendant

Before the court is a motion by standby counsel Cory McKenna to clarify the scope of representation or in the alternative to withdraw.

The court will do its best to clarify the scope of representation, although it may depend on how events play out in this rather unique situation. First of all, as counsel notes, standby counsel can be appointed over the defendant's objection. *Faretta v. California,* 422 U.S. 806, 834 n.46 (1975). The U.S. Supreme Court also addressed the role of standby counsel in *McKaskle v. Wiggins,* 465 U.S. 168 (1984).

*McKaskle* involved a claim that standby counsel had interfered with the defendant's right to represent himself. In contrast, this is a case where Mr. Small has either discharged or refused to cooperate with eight prior attorneys (attorneys Andrew Edwards, Daniel Wentworth, Roger Brunelle, Tina Nadeau, Neale Duffett, Robert Lebrasseur, Peter Cyr, and Mark Peltier) and filed a bar complaint against the attorney initially appointed as standby counsel (Jon Gale), causing that attorney to withdraw. All of the previously appointed are competent and experienced trial attorneys. Although Mr. Small has never stated that he wishes to represent himself and indeed has always stated that he wishes to be represented by counsel, the court has concluded that it would be futile to keep appointing additional attorneys under the circumstances and that Mr. Small's

unwillingness to cooperate with any appointed counsel cannot continue to delay this case, in which Mr. Small has remained in custody for more than three years.[1]

Mr. Small has been previously and repeatedly warned that his continued refusal to cooperate with successive attorneys could result in the finding that, notwithstanding his continued insistence that he wants counsel to represent him, the court would have no choice but to conclude that he is effectively waiving his right to counsel. These warnings have been given both in colloquies with Mr. Small and in written orders. See orders dated November 18, 2019, December 11, 2019, September 25, 2020, and March 15 2021. The court believes it has orally explained to Mr. Small the disadvantages of proceeding without an attorney and would have explained those again if Mr. Small had not prevented that by his behavior during the September 23, 2020 and March 15, 2021 hearings and his refusal to appear on Zoom thereafter.

Accordingly, and with great reluctance, the court has concluded that by his conduct Mr. Small has effectively waived his right to counsel. *See State v. Nisbet,* 2016 ME 36 ¶ 28-29, 134 A.3d 840; *State v. Watson,* 2006 ME 80 ¶ 28, 900 A.2d 702. In *Nisbet,* the Law Court concluded in the alternative that the defendant had forfeited his right to counsel. With the exception of threats to an attorney, the grounds on which Law Court relied to uphold the finding of forfeiture in *Nisbet, see* 2016 ME 36 ¶ 45, are also present in this case.[2]

As *Nisbet* demonstrates, when defendants are sufficiently recalcitrant, courts may require them to represent themselves. *Accord, United States v. Kneeland,* 148 F.3d 6 (1st Cir. 1998) (case

---

[1] These delays have been exacerbated by the pandemic, by Covid-19 lockdowns at the jail, and by Mr. Small's refusal to appear by Zoom.

[2] Mr. Small's waiver and/or forfeiture of his right to counsel is not irrevocable. As this order makes clear, he can change his mind and accept representation by Attorney McKenna at any point.

in which trial court had declined to appoint a fourth attorney after three prior attorneys had been dismissed); *State v. Barrett*, 577 A.2d 1167, 1171-72 (Me. 1990).

At an earlier stage in the case, because of Mr. Small's behavior, the court ordered a competency evaluation of Mr. Small. He refused to cooperate. The forensic evaluator's report, based on information obtained from other sources and from the evaluator's contact with Mr. Small, does not support a finding that Mr. Small is not competent to stand trial or to represent himself. *See* April 21, 2020 report of Dr. Peter Donnelly, filed under seal in CR-19-141.[3]

Once Covid-19 conditions permit a hearing to proceed, further delay would be unacceptable. The right to counsel, as fundamental as it is, "cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair, efficient, and effective administration of justice." *State v. Ayers*, 464 A.2d 963, 966-67 (Me. 1983). *See State v. Dunbar*, 2008 ME 182 ¶ 8, 960 A.2d 1173 (emphasizing the court's responsibility "to protect the judicial process and ensure that cases are not unreasonably delayed").

The State has since attempted to bring this case to a resolution by agreeing that it will rely solely on the pending motion to revoke Mr. Small's probation in CR-16-2622. If Mr. Small's probation is not revoked, the State will dismiss the indictment in CR-19-141. If Mr. Small's probation is revoked, the State will also dismiss the indictment in CR-19-141.

Given that Mr. Small is not asserting his right to represent himself, the major concerns set forth in *Faretta* and *McKaskle* and the issues raised in the two bar opinions cited in Attorney

---

[3] Dr. Donnelly's report suggests that Mr. Small's refusal of attorneys and his various verbal protests could result from personality issues. Alternatively, Dr. Donnelly stated that Mr. Small's behavior could represent a legal strategy on his part. Finally, although Mr. Small's behavior did not seem to Dr. Donnelly to present a picture of major mental illness, such an illness could not be ruled out. To pursue that possibility, however, Mr. Small's authorization for release of his records would be essential.

On this record the court concludes that Mr. Small has the ability to cooperate with counsel even though he has thus far been unwilling to do so.

McKenna's motion are not directly applicable in this case.[4] Nevertheless, there remains a need to have standby counsel available to advise Mr. Small should he seek such advice at the hearing, even if he now objects to standby counsel. *See* Standard 4-5.3(c) of the ABA Criminal Justice Standard for the Defense (4th Ed. 2017) – stating that standby counsel should be fully prepared about the matter in order to offer advice to the unrepresented defendant. Such advice could address the potential benefits and dangers that standby attorney perceives in the course of the litigation. *Id.* It could also encompass assistance in overcoming routine procedural or evidentiary obstacles that might hinder an unrepresented defendant. *McKaskle,* 465 U.S at 183.

It is also possible that prior to the hearing – or at the hearing itself – Mr. Small might change his mind and seek to be represented by standby counsel. In that case, ABA Standard 4-5.3(c) provides that standby counsel should be prepared for the possibility "that the full representation role should be transferred to defense counsel at some point during the criminal proceedings."

Attorney McKenna's motion states that he has spoken with Mr. Small and that Mr. Small has raised unspecified ethical issues about Attorney McKenna's appointment as standby counsel. These are presumably the same issues Mr. Small raised in his bar complaint against Attorney Gale. Since Attorney McKenna is serving as standby counsel at the direction of the court, the court does not see any basis for an ethical violation on Attorney McKenna's part. The court understands that Mr. Small objects to the ruling that he has to represent himself and therefore also objects to the appointment of standby counsel, and Mr. Small has preserved that objection for appeal.

---

[4] Another issue discussed in *McKaskle* was the possibility that the involvement of standby counsel might undermine the jury's perception that a defendant was exercising his right to represent himself. *See* 465 U.S. at 178. That issue does not arise in a probation revocation proceeding tried to the court.

4

If Mr. Small were to retreat from his consistent rejection of all the attorneys that have been appointed by the court and were to accept representation by Attorney McKenna, the court would appoint Mr. McKenna as Mr. Small's counsel instead of as standby counsel.

Accordingly, the scope of Attorney McKenna's representation as standby counsel shall be as follows:

• to review the discovery;

• to meet (or offer to meet) with Mr. Small to prepare for the probation revocation hearing and to assist in preparing the defense;

• to be prepared to offer any advice to Mr. Small as to the potential risks and benefits of tactics and strategies in connection with the hearing;

• to be prepared to advise Mr. Small of ways to overcome procedural or evidentiary obstacles;

• to be prepared to assist Mr. Small in preserving issues for appeal;

• to be prepared to step in to represent Mr. Small at the hearing if Mr. Small were to agree that the full representation role should be transferred to Attorney McKenna.

Attorney McKenna's performance of the above functions, with the exception of reviewing the discovery and preparing for the hearing, will necessarily depend on the extent to which Mr. Small seeks assistance from Attorney McKenna and cooperates with him.

The court intends to provide Mr. Small with an opportunity to state all of his objections at the outset of the hearing. The court also intends to again explain to Mr. Small the disadvantages of proceeding without an attorney and to see if Mr. Small will accept representation by Mr. McKenna.

Given the past history of the case,[5] there is a significant possibility that Mr. Small will decline to participate in the hearing, will not cease voicing objections, or will otherwise disrupt the hearing. In that case, the court may have to be guided by ABA Criminal Justice Standard 6-3.8 applicable to Special Functions of the Trial Judge (3d ed. 1999) addressing the case of a disruptive defendant:

> A defendant may be removed from the courtroom during trial when the defendant's conduct is so disruptive that the trial cannot proceed in an orderly manner . . . The removed defendant ordinarily should be required to be present in the court building while the trial is in progress. The removed defendant should be afforded an opportunity to hear the proceedings and, at appropriate intervals, be offered on the record an opportunity to return to the courtroom upon assurance of good behavior. The offer to return need not be repeated in open court each time. A removed defendant who does not hear the proceedings should be given the opportunity to learn of the proceedings from defense counsel at reasonable intervals.

In this connection, it bears emphasis that in its footnote discussing the role of standby counsel in *Faretta,* 422 U.S. at 834 n.46, the U.S. Supreme Court relied on the D.C. Circuit's decision in *United States v. Dougherty,* 473 F.2d 1113 (D.C. Cir. 1972). In *Dougherty* the D.C. Circuit (Leventhal, J.) noted that a person's right to represent himself "can be lost by disruptive behavior during trial, constituting constructive waiver." 473 F.2d at 1124. It went on to discuss the appointment of standby counsel (which it referred to as "amicus counsel") and stated that a potentially unruly defendant should be warned that obstructive behavior may constitute a constructive waiver of the right to self-representation "and, in that event, amicus counsel will be ready to assume exclusive control of the defense." *Id.* at 1125 (emphasis added). *See Mayberry v. Pennsylvania,* 400 U.S. 455, 467-68 (1971) (Burger, C.J., concurring) (discussing ability of

---

[5] *See, e.g.,* hearings on January 17, 2020, March 13, 2020, September 23, 2020, March 15, 2021, June 29, 2021, and November 5, 2021. This conduct is discussed in orders dated January 21, 2020; March 19, 2020 (¶ 11); September 25, 2020; March 15, 2021; July 2, 2021; and November 5, 2021.

standby counsel to cross-examine witnesses, interpose evidentiary objections, and make closing argument in a case where a disruptive defendant who has been representing himself has been removed from the courtroom).

In Mr. Small's case, where he has never stated that he is exercising a right to represent himself and has always stated that he wants counsel – although he has rejected all of the lawyers appointed – there would be a strong argument that if Mr. Small is disruptive or declines to participate in the hearing, standby counsel could take over. This would be true unless Mr. Small were to expressly communicate that he did not want standby counsel to take any action on his behalf. In that case Mr. Small should understand that no defense would be offered, although the State would still have to prove by a preponderance of the evidence that there had been a violation of Mr. Small's probation conditions.

Accordingly, if Mr. Small were to decline to participate or to be so disruptive that the hearing cannot proceed in his presence, Attorney McKenna's scope of representation would be as follows:

> • he should be prepared to defend the motion, to question the witnesses offered by the State, to present available evidence in defense of Mr. Small, and to periodically attempt to consult Mr. Small with respect to the defense of the revocation motion.

> • if expressly directed by Mr. Small not to take any action on Mr. Small's behalf, he would honor Mr. Small's wishes.

Because the court has clarified the scope of representation, Attorney McKenna's request in the alternative to withdraw is denied. Having considered and reconsidered the issue, the court concludes that, if at all possible, the hearing should proceed with Mr. Small having the availability of standby counsel despite his unwillingness thus far to cooperate with counsel. It would obviously be preferable – and in the court's view strongly in Mr. Small's best interests – if Mr. Small would agree to be represented by Attorney McKenna.

7

Attorney McKenna shall advise the clerk's office when he will be ready for the hearing as provided in the scope of representation set forth above. This should be done as promptly as possible given the amount of time that Mr. Small has been in custody.

Dated: January 24, 2022

_____
Thomas D. Warren
Justice, Superior Court